HueeiN, Judge.
 

 We think the decision of the Superior Court right, and that the judgment must be arrested.
 

 It is an action of debt for the penalty for marrying a couple without a licence. The sum demanded is
 
 one hundred dollars ;
 
 and the verdict is for
 
 twenty-four pounds ten shillings.
 
 The act of 1778,
 
 (Rev.
 
 c. 134,) gives a penalty of
 
 £ 50 ;
 
 which, when scaled, amounts to the sum found by the jury.
 

 It was formerly thought that the action of debt, being for an entire thing, could not be maintained unless the exact sum — neither more nor less — was recovered. This is not now so considered, nor has been for a long time. And the rule is, that in actions, where from the nature of the demand the true debt is uncertain, it may be al-, leged to be large enough to cover the real debt,, and there shall be a verdict according to the truth, and judgment
 
 *186
 
 thereon. Hence, in debt on simple contract, the declaration is good altho’ the sums demanded in several counts do not amount to or exceed the sum demanded in the writ, or the recital of it in the beginning of the declaration. (Mc
 
 Quillin
 
 v.
 
 Cox,
 
 1
 
 H. Bl.
 
 249.
 
 Lord.
 
 v.
 
 Houstoun,
 
 11
 
 East.
 
 62.) And in
 
 Aylett
 
 v.
 
 Lowe,
 
 (2
 
 Bl. Rep.
 
 1221,) it was held, that upon a verdictfor
 
 £
 
 100 in debt for 12 200, on a
 
 mntuains,
 
 there should he judgment for the plaintiff. And so too in debt on a specialty, if the deed does not of itself show the certainty of the whole demand, but the extent is matter of proof
 
 aliunde,
 
 the verdict may be according to the truth, and if ithe within the sum demanded, there shall be judgment for the plaintiff ; as in
 
 Incledon
 
 v.
 
 Crips,
 
 (2
 
 Salk.
 
 558,
 
 S. C.
 
 2
 
 Ld. Raym.
 
 814,) which was debt on a bond, whereby the defendant obliged himself to pay the plaintiff
 
 £
 
 85 for every hundred stacks of wood, and he averred that he delivered a certain number of hundred and one half, which came, to
 
 £
 
 182,10. Upon demurrer it ivas held, that there could be no apportionment on this contract for the half hundred, and therefore the plaintiff could not have judgment for that: but it was further held, that lie might remit that, and have judgment for the rest; because the debt might be more or less by matter extrinsic of the deed, and therefore there was no variance between the deed and the verdict. And tin's observation shows the true rule; namely, that where the sum demanded is shown in the declaration to ho on a contract or other-matter, which in itself conclusively fixes the amount due thereon, then the recovery must agree with the demand. For the debt on that contract is that or nothing. This is not because in debt a sum
 
 in numero
 
 is claimed ; but for the more substantial reason, that if the recovery of more or less were allowed, there would be a variance between the
 
 allegata
 
 and
 
 probata,
 
 and the declaration would convey to the defendant no information of the cause of action. Where the verdict therefore may stand with the contract set forth in the declaration, and both be true, there shall be judgment. Where the verdict cannot be made to accord with the contract, there can
 
 *187
 
 not be judgment, as in debt on bond for
 
 £
 
 100, a verdict for $ 100 is not good, because it c.onld notbefortbedebt created by the specialty sued on. It is the same upon any written instrument, as upon a bond ; if it be de-dared on as a writing, constituting in itself a substantial contract, as a promissory note. It is not the instrument described, and therefore cannot be received in evidence.
 

 
 *186
 
 But where the contract, as stated in the declation, fixes the amount due, the verdict must agree with the writ, or the judgment will be arrested.
 

 Not because a specific sum is claimed, but because there is a variance betw’n , the declaration and the proof.
 

 
 *187
 
 The same pi-in-acti'ons^of^debt on penal statutes
 

 if the statute inflicts a penalty-by reference1 to uncertain verdict ’stands F®1] Ñtíl tlle declaration, although they do not aSree-
 

 The same principles apply to actions of debt for penal-tics given by statutes. As in every case., the declaration must set out the matter, whether of contract or law, whereby the demand- arises : so in these actions, the plaintiff must show a statute givingihepenalty demanded by him, and charge the acts, which show tlte defendant to be guilty of the offence within the statute. These allegations are indispensable to enable the defendant to know for what he is sued, and to protect himself by pica in another action for the same matter. Anciently the statute was set out at full length. That was relaxed, and stating it by its title was then allowed. Afterwards a general reference to it, by alleging the particular penalties given thereby, and concluding against the form of the statute” was held sufficient, upon the grounds that the court was hound to take notice of all public laws, and thatthe particular statute urns sufficiently identified by the statement of the penalty, and of the acts forbidden by it. But certainly there must be some description of it; and if there be no refez-ence to it,the declaration is bad.
 
 (Scroter
 
 v.
 
 Harrington,
 
 1
 
 Hawks 192. Myddleton v. Wynn, Willes
 
 599.)
 

 If however the statute itself give an uncertain penalty, -or a penalty to be measured by reference to some uncertain thing, then the sum demanded is not conclusive on the
 
 plaintiff;
 
 but be may recover according to the certainty made by his proof, because be can do no more towards a more definite description of the statute or of the , , . v ,. ,, „ . . . . debt. In an action therefore tor substractmg tithes against the
 
 .stat.
 
 2 & 3
 
 Ed.
 
 6, which gives the treble value, the judgment shall be according to the verdict, tho’ different from the sum demanded.
 
 (Pemberton
 
 v.
 
 Skelton, Cro. Jac.
 
 493.) The court say there, that the variance
 
 *188
 
 is no objection, because tbe statute gives no certain sum, but only so much in reference to tbe value : and the value cannot be positively estimated until it is done by tbe jury themselves. And tbe judges distinguish that rase from an action grounded on a specialty, in which the certainty of the debt appears, and from an action grounded on a
 
 statute which gives a sum certain ;
 
 in both which the precise sum must he demanded. This last position is, to be sure, but a
 
 dictum
 
 in that
 
 case;
 
 but it is the point of the decision in
 
 Cunningham
 
 v.
 
 Bennett,
 
 (1
 
 Geo.
 
 1 C.
 
 B.)
 
 stated by Mr. Justice
 
 Buller
 
 in his
 
 JVisi Vrius,
 
 a hook of much authority. There it was held, that a penal action could not be for less than the penalty given by the statute; and tho’the plaintiffhad a verdict, judgment was arrested. I conclude therefore that wherever a statute gives a certain sum
 
 in numero,
 
 that exact sum must he demanded : else it cannot be taken to be the penalty given
 
 by that statute.
 
 Here the declaration conforms neither to tbe act of 1741, nor that of 1778. The former gives
 
 £
 
 SO proclamation money to tbe use of the parish, or by the act of 1777, to that of the county. The latter gives
 
 £50,
 
 scaled to ¿024,10, one half to the informer, and the other to the county. Consequently the judgment must he arrested for this reason.
 

 But if the penalty be certain, the very sum demanded by the writ must be found by the jury.
 

 Damages can-notbe recovered 'in debt on a penal statute, but it is not error to demand them.
 

 The other objection, that damages are demanded, is not a good one. They cannot be recovered, but it is not error to demand them. The case of
 
 Frederick
 
 v.
 
 Lookup
 
 (4
 
 Burrows
 
 2018,) shows
 
 this;
 
 for the judgment was reversed only as to the damages assessed, and affirmed for the debt, which was the penalty.
 

 Per Curiam. — Judgment affirmed.