**BARNETT et al. v. WARNER BROS. PICTURES DISTRIBUTING CORP. et al.**

No. 51 C 1040.

United States District Court
N. D. Illinois, E. D.

May 12, 1953.

---

7. The Toledo, note 6, supra.

8. 19 U.S.C.A. § 1592.

6

John F. Sullivan and Eugene H. Dupee, Jr., Chicago, Ill., for plaintiffs.

Johnston, Thompson, Raymond & Mayer, Chicago, Ill., Mayer, Meyer, Austrian & Platt, Chicago, Ill., for defendants.

CAMPBELL, District Judge.

Plaintiffs, who owned or operated a motion picture theatre in Chicago, bring this action under Section 4 of the Clayton Act, 15 U.S.C.A. § 15. They seek treble damages for alleged violations of the anti-trust laws from thirteen producers, distributors, or exhibitors of motion pictures. Five defendants—RKO Radio Pictures, Inc., Paramount Pictures, Inc., Paramount Film Distributing Corporation, Balaban & Katz Corporation, and Publix Great States Theatres, Inc.—have moved for summary judgment on the ground that this action is barred, as to them, by the applicable statute of limitations.

Congress has not enacted a statute of limitations expressly applicable to actions brought under Section 4 of the Clayton Act. In Hoskins Coal & Dock Corp. v. Truax Traer Coal Co., 7 Cir., 1951, 191 F.2d 912, the Court of Appeals held that in the absence of such a statute, a federal court must look to the laws of the state where the cause arises and where the suit is brought; and, in determining which of several state laws will control, a federal court is bound by the interpretation of the state courts.

The Court then cited Ill.Rev.Stat. (1951), c. 83 Sec. 15, which provides:

"Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty, or for abduction, or for seduction, or for criminal conversation, shall be commenced within two years next after the cause of action accrued."

The Court of Appeals noted that the Illinois Supreme Court has held that actions for treble damages and attorneys' fees, brought under Illinois statutes, are actions for a "statutory penalty" and are encompassed by the two-year limitation prescribed by Section 15. According to the Court, an action brought under Section 4 of the Clayton Act would be construed similarly by the Illinois courts; therefore, treble damage actions under Section 4 are barred two years after accrual by the Illinois statute.

In Schiffman Bros. v. Texas Co., 7 Cir., 1952, 196 F.2d 695, the Court of Appeals reviewed its reasoning in Hoskins, and again reached the Hoskins result. The court stated, 196 F.2d at page 696:

"It is of no significance that the cause of action arises under federal statutes. The decisive factor is that Congress, by its failure to prescribe a limitation, has provided, by virtue of the Rules of Decisions Act, 28 U.S.C.A. § 1652, that the applicable limitation must be determined by the state statute as interpreted by the courts of the state. We are not concerned at all, then, with anything other than the question of what statute of limitations of Illinois is applicable to actions to recover treble damages and attorneys' fees. That question, we thought and still think, has been decided by the Supreme Court of Illinois in holding that such actions are within the two year statute of limitations. To this reasoning we adhere."

Nothing more need be said about the applicability of the Illinois statute. The court has carefully considered plaintiffs' argument urging disobedience to the Hoskins mandate, and if the court were at liberty to consider and decide the question anew, the argument might prevail. Com-

pare Wolf Sales Co. v. Rudolph Wurlitzer Co., D.C.Colo., 1952, 105 F.Supp. 506. However, under Hoskins and Schiffman, it is the duty of this court to hold, as it does, that the Illinois two-year statute of limitations is applicable to actions brought under Section 4 of the Clayton Act.

One additional factor must now be considered. Plaintiffs contend that the running of the statute of limitations has been suspended during the pendency of certain equity suits brought by the United States against some of the defendants. Those suits are United States v. Balaban & Katz Corporation et al., filed December 15, 1928 (N.D.Ill., Equity No. 8854) and United States v. Paramount Pictures, Inc., et al., filed July 20, 1938 (S.D.N.Y., Equity Nos. 87, 273). Apparently, the instant action is based in part upon matters complained of in the government suits. Section 5 of the Clayton Act, 15 U.S.C.A. Sec. 16, therefore suspended the running of the statute of limitations during the pendency of those suits.

The record shows, however, that decrees were entered in each of the government suits more than two years prior to the commencement of this action. In the Balaban & Katz case, a decree was entered as early as 1932; and plaintiffs' brief indicates that the last modification of that decree was made in 1940. In the Paramount Pictures case, a consent decree applicable to defendant RKO Radio Pictures was entered on November 8, 1948, and another consent decree applicable to the defendant Paramount companies was entered on March 3, 1949. Modifications of the Paramount Pictures decrees were made after 1949.

Plaintiffs contend that the Balaban & Katz and the Paramount Pictures proceedings were pending within two years prior to June 29, 1951, the date the complaint in this action was filed. This contention is based upon several provisions in each of the decrees which reserve the jurisdiction of the respective trial courts. Paragraph VIII of the RKO decree, for example, provides:

"Jurisdiction of this cause is retained for the purpose of enabling any of the parties to this consent decree to apply to the Court at any time for such orders or direction as may be necessary or appropriate for the construction, modification or carrying out of the same, for the enforcement or compliance therewith, and for the punishment of violations thereof, or for other or further relief."

Similar provisions are contained in each of the other decrees.

Plaintiffs argue that the retention of jurisdiction by the trial court in each of the government suits amounts to a "pendency" of each suit within the meaning of that term in Section 5 of the Clayton Act. According to plaintiffs' construction of Section 5, a government suit remains pending even after entry of final judgment, so long as there is a possibility, however remote, that a court might modify the terms of the judgment. This court is not willing to accept such a construction of the Section.

It is the opinion of the court that the pendency of a government suit ends (1) when final judgment has been entered after trial and appellate proceedings are concluded, or (2) when final judgment is entered by consent of the parties. Any other construction of Section 5 would lead to long, and in some instances permanent suspensions of all statutes of limitation. Congress could not have intended such a result.

Since this action was commenced more than two years after the pendency of the aforementioned government suits, and since this action was commenced more than two years after the alleged unlawful acts by the movants occurred, the motions of RKO Radio Pictures, Inc., Paramount Pictures, Inc., Paramount Film Distributing Corporation, Balaban & Katz Corporation, and Publix Great States Theatres, Inc., for summary judgment are granted, and judgment is hereby entered in favor of each of said defendants.