MANNY et al.

v.

WARNER BROS. PICTURES, Inc. et al.

No. 15148.

United States District Court
S. D. California, Central Division.
May 26, 1953.

Weller & Corinblit, Harry Sutton, Kenny & Morris, Los Angeles, Cal., for plaintiff.

Mitchell, Silberberg & Knupp, Los Angeles, Cal., for moving defendants.

WESTOVER, District Judge.

Plaintiffs filed this action on February 6, 1953, against Warner Bros. Pictures, Inc., Warner Bros. Pictures Distributing Corporation, Loew's, Incorporated, Paramount Film Distributing Corporation, Paramount Pictures Corporation, Paramount Pictures, Inc., and others, as defendants. Paramount Pictures Corporation and Paramount Film Distributing Corporation have filed a motion to dismiss the complaint as to them on the ground that it appears on the face of the complaint that the causes of action or claims set forth by plaintiffs were barred by the California Statute of Limitations.

It appears from the complaint that plaintiffs were lessees and operators of the Park, Huntington, and Elite Theaters; that plaintiffs ceased to be lessees or operators of the Elite Theater on August 19, 1944 (some eight and one-half years before the filing of this complaint) and of the Park and Huntington Theaters on December 31, 1947 (some five years before the filing of the complaint herein). Plaintiffs claim the statute of limitations was tolled by virtue of the alleged pendency of United States v. Paramount Pictures, 334 U.S. 131, 68 S.Ct. 915, a government antitrust action.

At the hearing of the motion herein the following dates were stipulated:

| | | |
|---|---|---|
| July | 30, 1938 | United States v. Paramount Pictures, supra, filed. |
| November | 20, 1940 | First Consent Decree entered as to Paramount and other defendants. |
| October | 10, 1942 | War-time tolling statute enacted. |
| June | 30, 1946 | War-time tolling statute expired. |
| March | 3, 1949 | Paramount Consent Decree and action terminated. |
| February | 8, 1950 | Expediting court rendered final decree. |
| February | 7, 1952 | Final Decree filed as to Loew's, Incorporated. |

As a result of the District Court judgment in United States v. Paramount Pictures, 1938, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260, an appeal was taken to the Supreme Court of the United States. The Supreme Court affirmed the lower court in part and reversed in part and remanded the case to the District Court for proceedings in conformity with the opinion. Subsequent to remand of the case to the District Court, Paramount agreed to a Second Consent Decree which was entered on March 3, 1949, and the action terminated as to Paramount.

It is Paramount's contention that the statute of limitations commenced to run as to them on March 3, 1949. On the contrary, it is plaintiffs' contention that the action was pending, within the meaning of the Clayton Act, 15 U.S.C.A. § 12 et seq., until the final decree had been entered in this case as against Loew's, Incorporated on February 7, 1952.

Inasmuch as Congress has not enacted a statute of limitations expressly applicable to actions brought under the Clayton Act, a federal court must look to the laws of the state relative to the period of limitation. Christensen v. Paramount Pictures, D.C.Utah, 95 F. Supp. 446. As far as the case at bar is concerned it is immaterial whether the plea of the statute of limitations is un-

der the provisions of subdivision 1 of § 340 or subdivision 1 of § 338 of the Code of Civil Procedure of the State of California. If the contention of moving defendants is correct, that is, that the statute of limitations commenced to run as to them on March 3, 1949 when the Second Consent Decree was filed and the action terminated as to Paramount, then the cause of action is barred by both sections.

It does not appear that any of the Circuit Courts have passed upon this particular question. However, this court has been referred to the most recent case decided by a Federal District Court —Barnett v. Warner Bros. Pictures Distributing Corp., a New York Corporation, D.C.E.D.Ill., 112 F.Supp. 5, 7. In that case a number of defendants were named, and five of them—RKO Radio Pictures, Inc., Paramount Pictures, Inc., Paramount Film Distributing Corporation, Balaban & Katz Corporation, and Publix Great States Theatres, Inc.— moved for summary judgment on the ground that the action was barred as to them because of the running of the statute of limitations.

In that case (and in the case at bar) plaintiffs contended the statute had not run because the case was still pending within the statutory period. The Court, with reference to the plea of the statute of limitations, had this to say:

"One additional factor must now be considered. Plaintiffs contend that the running of the statute of limitations has been suspended during the pendency of certain equity suits brought by the United States against some of the defendants. Those suits are United States v. Balaban & Katz Corporation, et al., filed December 15, 1928 (N.D.Ill., Equity No. 8854) and United States v. Paramount Pictures, Inc., et al., filed July 20, 1938 (S.D.N.Y., Equity Nos. 87,273). Apparently, the instant action is based in part upon matters complained of in the government suits. Section 5 of the Clayton Act, 15 U.S.C.A. Sec. 16,

therefore suspended the running of the statute of limitations during the pendency of those suits.

"The record shows, however, that decrees were entered in each of the government suits more than two years prior to the commencement of this action. * * * In the Paramount Pictures case, a consent decree applicable to defendant RKO Radio Pictures was entered on November 8, 1948, and another consent decree applicable to the defendant Paramount companies was entered on March 3, 1949. * * *

* * * * *

"It is the opinion of the court that the pendency of a government suit ends (1) when final judgment has been entered after trial and appellate proceedings are concluded, or (2) when final judgment is entered by consent of the parties. Any other construction of Section 5 would lead to long, and in some instances permanent suspensions of all statutes of limitation. Congress could not have intended such a result."

█ This court is of the opinion that the District Court in Barnett v. Warner Bros. Pictures Distributing Corp., supra, states the correct rule. In the case at bar the consent decree as against Paramount was entered on March 3, 1949, and the action was terminated upon the entering of the decree. It would seem unjust to say to Paramount after such a consent decree had been entered and the action terminated as to them that the statute of limitations did not commence to run at that particular time but would be postponed until some future date when judgments were obtained and became final against all of the other defendants.

█ In United States v. Paramount Pictures, supra (if such were the rule) although the action terminated as to Paramount in March, 1949, the statute would not commence to run until February 7, 1952, when the final decree was filed as to Loew's, Incorporated. We are not of the opinion that Congress intend-

810

ed such a result and feel the proper interpretation of the Act is that the statute of limitations commenced to run as to the individual defendants as the action was terminated as to them. It is this court's opinion that the statute as to Paramount commenced to run on March 3, 1949, and inasmuch as more than three years have expired prior to the filing of this complaint, plaintiffs' claim as to Paramount has been barred by the running of the statute of limitations.

The motion to dismiss on file herein is granted. Counsel for moving defendants shall prepare an Order in conformity herewith for presentation to the court not later than June 10, 1953.