**Lorraine VALUSKIS, Plaintiff,**
**v.**
**LOEW'S Incorporated et al.,**
**Defendants.**
**No. 15146.**

United States District Court
S. D. California, Central Division.
April 2, 1956.

Weller and Corinblit, Ernest M. Silver, Kenny & Morris, Los Angeles, Cal., for plaintiff.

O'Melveny & Myers, Los Angeles, Cal., for defendant Wesco Theatres Corp.

Freston & Files, Gordon L. Files, Los Angeles, Cal., for defendants Loew's Incorporated, Warner Bros. Pictures Distributing Corp., Warner Bros. Pictures, Inc., Columbia Pictures Corp., Universal Film Exchanges, Inc., and Twentieth Century-Fox Film Corporation.

Freston & Files, Wright, Wright, Green & Wright, Charles A. Loring, Los Angeles, Cal., for defendant United Artists Corp.

WESTOVER, District Judge.

Subsequent to the decision of the Supreme Court in United States v. Paramount Pictures, 334 U.S. 131, 68 S.Ct. 915, 92 L.Ed. 1260, a large number of theatre owners and operators throughout the United States filed suits against the defendants named in the Paramount action, claiming damages because of the conspiracy as found in that case. In those actions the defendants generally pleaded the statute of limitations as the complaints were filed many years after accrual of the damages claimed by the various plaintiffs.

One of the questions presented to the courts for determination was the period of the statute of limitations in such anti-trust cases. This Court, among others, held the applicable period of limitation in California was either one or three years, Manny v. Warner Bros. Pictures, Inc., D.C., 116 F.Supp. 807. In that case as well as others filed under the anti-trust laws plaintiffs contended the running of the statute of limitations had been suspended during pendency of the equity suits brought by the United States against the defendants, United States v. Paramount Pictures, supra.

In the Paramount case a number of the distributing and producing companies were named as defendants, and during the course of litigation consent decrees and decrees after trial were rendered by the Court. It has been the contention of plaintiffs in such anti-trust cases that the statute was tolled against all defendants until a final determination of United States v. Paramount Pictures, supra. It has been defendants' contentions in these cases that tolling of the statute ceased when final judgments were rendered against each individual defendant. That question was also adjudicated by this Court which held in Manny v. Warner Bros. Pictures, Inc., supra, that the statute of limitations commenced to run as against the individual defendants as the action was terminated as to each. No appeal was taken from that decision.

Many issues were determined in the Paramount case, supra, such as price fixing, runs and clearances, pooling agreements, formula deals, master agreements and franchises, block booking, discrimination, competitive bidding, divestiture, et cetera. Subsequent to the judgment in the trial court certiorari was granted by the United States Supreme Court which, in passing upon the decree, rendered a judgment affirming in part and reversing in part the judgment of the trial court and remanded the case for further proceedings in conformity with its opinion. A reading of the opinion indicates that the Supreme Court, in passing upon the findings and judgment of the trial court, sustained the trial court relative to the issue of runs and clearances.

In Theatre Enterprises, Inc., v. Paramount Film Distributing Corp., 346 U.S.

537, at page 543, 74 S.Ct. 257, at page 261, 98 L.Ed. 273, decided in 1954—eight years after the decree of the trial court in the Paramount case—the Supreme Court, in a note, had this to say:

"The 1946 decree of the three-judge District Court enjoined the defendants, inter alia, from conspiring with respect to runs and clearances. The decree was stayed by Mr. Justice Reed pending the appeal to this Court. The stay expired, by its own terms, when the Court rendered its decision on May 3, 1948. But this decision, remanding the case to the District Court for further consideration, in no way altered the lower court's findings as to runs and clearances. [United States v. Paramount Pictures], 334 U.S. 131, 144–148, 68 S.Ct. 915, 92 L.Ed. 1260; [Id., D.C.], 85 F.Supp. 881, 885, 897. Hence, the injunctive provisions of the 1946 decree concerning runs and clearances were left intact. Following this Court's decision, the order on mandate was entered in the District Court on June 25, 1948."

Upon remand, the trial court was of the opinion that the issue relative to runs and clearances had been finally determined; and in United States v. Paramount Pictures, D.C., 85 F.Supp. 881, at page 885, said:

"In its opinion remanding the case for further consideration in certain respects, the Supreme Court affirmed our findings as to price-fixing, runs, clearances, and discriminatory licenses and other practices which we found to be unlawful, with certain minor reservations as to the unlawfulness of joint interests and franchises."

Defendants herein now contend litigation in United States v. Paramount Pictures, supra, relative to runs and clearances, became final either on May 3, 1948 (when the Supreme Court rendered its decision) or when the mandate was entered in the District Court on June 25, 1948.

Judge Patrick T. Stone of the Western District of Wisconsin, in the case of Sheldon M. Grengs v. Twentieth-Century Fox Film Corporation et al., Civil Action No. 2246, granted a motion for summary judgment on the ground that the Paramount case ceased to pend after June 25, 1948, within the meaning of Section 5 of the Clayton Act. The case is now on appeal.[1]

According to the complaint on file in the action at bar plaintiff ceased to operate the Bell Theatre and disposed of her interest therein on May 31, 1940, which was the latest possible date upon which any injury to her business or property in that theatre could have occurred. The complaint was not filed until February 6, 1953—almost thirteen years after the accrual of the alleged cause of action.

Admitting, arguendo, that the case at bar is predicated solely upon runs and clearances as contended by defendants, the question now presented for decision is whether or not the statute of limitations commenced to run from the date of the decision of the Supreme Court sustaining the trial court's findings on runs and clearances or the date the mandate was filed.

Section 5 of the Clayton Act, 15 U.S.C.A. § 16, provides:

"* * * the running of the statute of limitations * * * based in whole or in part on any matter complained of in said proceeding shall be suspended during the pendency thereof."

Other than the Grengs case, supra, no authority has been presented to this Court in which any court has held that the Paramount case ceased to pend on June 25, 1948.

Rule 54(b) of the Federal Rules of Civil Procedure reads as follows:

"Judgment Upon Multiple Claims. When more than one claim for re-

---

1. 7 Cir., 232 F.2d 325.

lief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."

No attempt was made either by the Supreme Court or by the trial court to comply with Rule 54(b) requirements relative to final judgment. The rule provides that in the absence of such determination and direction any order or other form of decision which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims. See Matanuska Valley Lines, Inc. v. Neal, 9 Cir., 229 F.2d 136.

Judge Ryan of the United States District Court for the Southern District of New York, in Leonia Amusement Corp. v. Loew's, Inc., 117 F.Supp. 747, at page 759, quotes the unreported decision of the District Court of the Western District of Missouri of March 7, 1949—Dickinson v. Twentieth Century-Fox Film Corp.—as follows:

" 'The final judgment that is contemplated by Section 5 of the Clayton Act, supra, is a judgment that is in effect "res judicata" of all the issues in an antitrust action, and not such as is only a partial determination of some of the issues.' "

Also, at page 761 Judge Ryan says:

"I conclude that the decree of February 8, 1950, terminated the Paramount suit as to the defendants, Universal, United Artists and Columbia, who filed no appeal, and that it became final on April 8, 1950, when the period for filing an appeal expired. As to defendants, Loew's, Fox and Warner, who appealed the decree of February 8, 1950, the Paramount suit was terminated on October 16, 1950 when the Supreme Court denied the petitions for rehearing."

Even in the face of the statement of the Supreme Court relative to the fact that its Decree in no way altered the lower court's findings as to runs and clearances, nevertheless we are forced to the conclusion that the Paramount case as to runs and clearances did not cease to pend, either upon the decision of the Supreme Court or the spreading of the mandate.

As a consequence, the motion of the defendants herein for summary judgment based upon the running of the statute of limitations is denied.