**NORTH CAROLINA THEATRES, INC., Wilby-Kincey Service Corporation and H. F. Kincey; Paramount Film Distributing Corporation; Loew's Incorporated, Twentieth Century-Fox Film Corporation, Warner Bros. Pictures Distributing Corporation, RKO Radio Pictures, Inc.; United Artists Corporation; Universal Film Exchanges, Inc.; Columbia Pictures Corporation and Republic Pictures Corporation, Appellants,**

v.

**Allen B. THOMPSON, Brona C. Thompson, Appellees.**

No. 7981.

United States Court of Appeals Fourth Circuit.

Argued Jan. 7, 1960.

Decided April 18, 1960.

John F. Caskey, New York City, and Fred B. Helms, Charlotte, N. C. (Wm. H. Bobbitt, Jr., Charlotte, N. C., Kenneth C. Royall and Charles F. Young, New York City, on brief), for appellants.

George S. Ryan, Boston, Mass., and Francis H. Fairley, Charlotte, N. C. (W. Bradley Ryan, Boston, Mass., and William I. Ward, Jr., Statesville, N. C., on brief), for appellees.

Before SOBELOFF, Chief Judge, SOPER, Circuit Judge, and DALTON, District Judge.

SOPER, Circuit Judge.

The owners of a moving picture theatre in Graham, North Carolina, brought

674

this suit against certain exhibitors of motion pictures in the nearby city of Burlington, North Carolina, and certain distributors of films in the United States, claiming that the defendants, in violation of the federal antitrust laws, had entered into a conspiracy to restrain and monopolize interstate trade in motion pictures and pursuant thereto had refused to license the plaintiffs to show films in their theatres at Graham until after they had been exhibited in the theatres at Burlington and their value as public attractions had greatly diminished. For this and other actions the plaintiffs sued to recover treble damages under the statute amounting in the aggregate to the sum of three million dollars.

The defendants moved for summary judgment on the ground that the claims were barred by the one-year statute of limitation contained in the General Statutes of North Carolina § 1–54, subd. 2, since all the claims accrued before December 17, 1951, and the suit was filed on December 17, 1952. That statute provides for a one-year period of limitation for an "action or proceeding * * * upon a statute, for a penalty or forfeiture, where the action is given to the State alone, or in whole or in part to the party aggrieved, or to a common informer, except where the statute imposing it prescribes a different limitation."

The District Judge dismissed the motion because of the holding of certain federal courts that a private action for treble damages under the antitrust laws is not an action to recover a penalty or a forfeiture but an action to recover reme-

dial or compensatory damages. He therefore held that the period of limitations applicable to this suit is § 1–52, subd. 2, of the General Statutes of North Carolina, which provides for a three-year period of limitation for an action "upon a liability created by statute, other than a penalty or forfeiture, unless some other time is mentioned in the statute creating it."

The case is now before us under the procedure for appeals from interlocutory orders or judgments set forth in 28 U.S.C.A. § 1292(b).

■ The federal antitrust acts in effect at the time of the institution of the pending suit did not prescribe a period of limitations [1] and in such case, under the established rule, the period is fixed by the laws of the state in which the action accrues. Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241; Miller Motors, Inc. v. Ford Motor Co., 4 Cir., 252 F.2d 441, 450. Hence the precise question for decision is whether or not the instant suit was brought for a penalty or forfeiture within the meaning of § 1–54, subd. 2 of the North Carolina statute.

Confusion has arisen in this and other similar cases because it has been held by the highest federal courts,[2] as the District Judge held below, that a private suit under the antitrust acts is not a suit for a penalty while, on the other hand, a number of state courts have held that a private suit for treble damages, under state statutes similar in nature to the federal antitrust acts, is a suit for a

1. It is now provided by the Act of July 7, 1955, 15 U.S.C.A. § 15b that actions under the antitrust laws shall be barred unless commenced within four years after the cause of action accrues. The Act also provides that no cause of action barred under the previous law should be revived by the amendment. This statute was passed in part because of the difficulty in determining whether the statutory liability imposed by the antitrust laws is in the nature of a penalty under the state law. U.S.Code Congressional and Administrative News 1955, p. 2331.

2. Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123; Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241; cf. Fleitmann v. Welsbach Co., 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505; United States ex rel. Marcus v. Hess, 317 U.S. 537, 63 S.Ct. 379, 87 L.Ed. 443; Commissioner of Internal Revenue v. Glenshaw Glass Co., 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483; United States v. Borden Co., 347 U.S. 514, 74 S.Ct. 703, 98 L.Ed. 903; Lawlor v. National Screen Service, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122.

penalty. Hence a controversy similar to that in the pending case has arisen as to whether the limitation prescribed by state statutes for suits for a penalty should be applied to suits under the federal antitrust acts.

The subject has been carefully considered and discussed in the opinion of Judge Maris in Gordon v. Loew's Incorporated, 3 Cir., 247 F.2d 451, where, as in the pending case, treble damages were sought by owners of a theatre against motion picture producers who were charged to have followed a system of releasing motion pictures in violation of the antitrust laws to the detriment of the plaintiffs. The suits were brought in New Jersey and the defendants filed a motion for summary judgment, asserting that the actions were barred since they were not brought within the time limited by the New Jersey statutes of limitation, providing that actions at law for any forfeiture upon a penal statute should be commenced within two years after the cause of action accrued. The Supreme Court of the State had held that this statute was applicable to actions for treble damages brought by a tenant against his landlord under the State Rent Control Act, N.J.S.A. 2A:14–10, and since this statute carrying treble damages was essentially similar in this respect to the action for treble damages under § 4 of the Clayton Act it was held by the Third Circuit in the cited case that the action was barred. Overruling the objection that the action was not based upon a penal statute because of the decisions of the Supreme Court of the United States, the Court said (at page 457):

"It is suggested that section 4 of the Clayton Act cannot thus be held to be a penal statute because the Supreme Court of the United States held in Chattanooga Foundry & Pipe Works v. Atlanta, 1906, 203 U.S. 390, 27 S.Ct. 65, that the five years limitation upon suits 'for the enforcement of any civil fine, penalty or forfeiture, pecuniary or other-

wise' imposed by the predecessor of section 2462 of title 28, United States Code, was not applicable to such a suit. It must, of course, be conceded that such a suit is not for a penalty within the meaning of the federal statute of limitations now incorporated in section 2462. But it does not follow that the law which authorizes such a suit to be brought may not be a penal statute within the meaning of section 2A:14–10 of the New Jersey Revised Statutes. For 'penal' and 'penalty' are not words of art. On the contrary, as is the case with many other terms used in the law, their meaning varies with the circumstances in which they are used and takes on the meaning in each instance which the user intends. See Huntington v. Attrill, 1892, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123. As an illustration we may point out that actions under the antitrust laws at other times and in other settings have been described by the federal courts as authorizing the recovery of a penalty. And indeed the fact that the antitrust laws had been held to be penal in respect to the application of the statutes of limitations of some states but not of others was one of the reasons why Congress in 1955 enacted the uniform statute of limitations applicable to these cases.

"All we are called upon to decide and all we do decide is that section 4 of the Clayton Act is a penal statute within the meaning of that phrase as used in section 2A:14–10 of the Revised Statutes of New Jersey, and that, therefore, the suit brought by Frank and Marion Gordon is barred by the limitation imposed by that section."

To the same effect are the decisions in Hoskins Coal & Dock Corp. v. Truax-Traer Coal Co., 7 Cir., 191 F.2d 912, certiorari denied 342 U.S. 947, 72 S.Ct. 555, 96 L.Ed. 704; Schiffman Bros. v. Texas Co., 7 Cir., 196 F.2d 695; Bertha Build-

ing Corp. v. National Theatres Corp., 2 Cir., 269 F.2d 785; Powell v. St. Louis Dairy Co., 8 Cir., 276 F.2d 464.

No case on the precise point has been decided in this circuit but we are told that we should not follow the current of authority in the other circuits because of what we said in Barnes Coal Corp. v. Retail Coal Merchants Ass'n, 4 Cir., 128 F.2d 645, and Glenn Coal Co. v. Dickenson Fuel Co., 4 Cir., 72 F.2d 885. These actions arose under the federal antitrust laws and in each the defense was that the suit was barred by limitations since it was not brought within a year after the right of action accrued, which was the period of limitations provided by the state law for actions which do not survive the death of the claimant. The crucial question was whether a right of action under the federal antitrust laws survives the death of the claimant, and it was held that the question of the survival of a right of action created by an act of Congress is one of substance and not of procedure and must be answered upon a consideration of the statute creating it in the light of the principles of common law, and unless the right of action passes this test it does not survive by reason of provisions of the state law. The decision did not actually turn in either case upon whether the federal or state law controlled and the court was not confronted with conflicting decisions in the two jurisdictions, for it was determined that under either law the action survived and hence the five-year period of limitation set by the state statute was applicable. The precise question was whether the action was barred by limitations, but the attention of the court was primarily directed to the question of the survival of an action under a federal statute. Under these circumstances we are of the opinion that we should follow the course outlined in the other circuits

in deciding the question in the case at bar.[3]

It remains to determine whether an action for treble damages is considered an action for a penalty under the laws of North Carolina. We think the answer must be in the affirmative. In Williams v. Gibson, 1950, 232 N.C. 133, 59 S.E.2d 602, the suit was brought in the state court under the Federal Housing and Rent Act of 1947, 50 U.S.C. Apdx. § 1895, which provided that a landlord receiving rent in excess of the maximum prescribed should be liable to the tenant in the sum of $50.00 or three times the overcharge whichever was greater. Describing the statute the Court said (232 N.C. at page 134, 59 S.E.2d at page 603):

> "The Act is clearly a Federal penal law; for 'the term "penalty" involves the idea of punishment for the infraction of the law, and is commonly used as including any extraordinary liability to which the law subjects a wrongdoer in favor of the person wronged, not limited to the damages suffered.'"

The Court cited O'Sullivan v. Felix, 233 U.S. 318, 319, 324, 34 S.Ct. 596, 58 L.Ed. 980, where it is said that the term "penalty" involves the idea of punishment for the infraction of the law and is commonly used as including any extraordinary liability to which the law subjects a wrongdoer in favor of the person wronged, not limited to the damages suffered.

Again in Smoke Mount Industries, Inc. v. Fisher, 224 N.C. 72, 75, 29 S.E. 2d 128, decided March 1, 1944, the Court had under consideration the counterclaim of the defendant who charged that the plaintiff had violated the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., and claimed that the defendant was entitled under the statute to

3. When the survival of a corporation is at issue in criminal proceedings under the federal statutes it is held that the decision turns on the law of the state creating the corporation as intepreted by its courts. Melrose Distillers v. United States, 359 U.S. 271, 79 S.Ct. 763, 3 L.Ed. 2d 800; Alamo Fence Co. of Houston v. United States, 5 Cir., 240 F.2d 179, 183.

recover one and a half times the amount of wages due him for services rendered the plaintiff. In sustaining the counterclaim the Court said (224 N.C. at page 75, 29 S.E.2d at page 130):

> "The counterclaim set forth in the answer sounds in contract. It is to enforce, or to collect, a *penalty* and such actions have been universally held by us to be *ex contractu.* 'An action for a penalty given by a statute to any person injured, is an action on contract.'"

The year after this decision was rendered the North Carolina Legislature added § 1–52, subd. 11 to its statute of limitations wherein it provided that the period of limitation should be three years for the recovery of any amount under the Fair Labor Standards Act of 1938. Manifestly this enactment was unnecessary, if the three-year period of limitations was already applicable to actions of this kind under § 1–52, subd. 2 of the Code above referred to. Hence it is reasonable to assume that the new statute was passed in order to enlarge the period of limitations for the recovery of penalties under the Fair Labor Standards Act which would otherwise have been limited to the period of one year under § 1–54, subd. 2 of the Code of North Carolina.

We think these decisions are decisive on the point. The plaintiff depends upon the dictum in State v. Maultsby, 1905, 139 N.C. 583, 585, 51 S.E. 956, that a penalty is always for a sum certain, although the opposite is stated in Dozier v. Bray, 1822, 9 N.C. 57, and in Dowd v. Seawell, 1831, 14 N.C. 185, 187; and also relies on the fact that actions in tort in which punitive damages are claimed are governed by the three-year statute of North Carolina, as was held in Reid v. Holden, 1955, 242 N.C. 408, 414, 88 S.E.2d 125; Barnette v. Woody, 1955, 242 N.C. 424, 431, 88 S.E.2d 223. Ordinary tort actions, however, are brought primarily for compensatory damages to which the claim for punitive damages is incidental and these decisions cannot prevail over the more specific

holdings as to the period of limitations applicable in suits brought under statutes permitting the recovery of multiple damages.

The judgment of the District Court is reversed.

Reversed and remanded.