Marc D. LEH, individually and the Progress Company, a co-partnership comprised of Marc D. Leh and David Brown, co-partners, Plaintiffs,

v.

GENERAL PETROLEUM CORPORATION, a corporation, Standard Oil Company of California, a corporation, Texaco, Inc., a corporation, Richfield Oil Corporation, a corporation, Union Oil Company of California, a corporation, Tidewater Oil Company, a corporation, Defendants.

Civ. A. No. 20531–WM.

United States District Court
S. D. California,
Central Division.

Aug. 30, 1962.

See also 165 F.Supp. 933.

Richard G. Harris, Los Angeles, Cal., for plaintiffs.

P. E. Bermingham, Sims Hamilton and Howard Painter, Los Angeles, Cal., for defendant General Petroleum Corporation.

Marshall P. Madison, Francis R. Kirkham, William E. Mussman and Pills-

290

bury, Madison & Sutro, San Francisco, Cal., for defendant Standard Oil Company of California.

George W. Jansen, New York City, J. A. Tucker and Beardsley, Hufstedler & Kemble, Los Angeles, Cal., for defendant Texaco, Inc.

Wm. J. DeMartini and William H. Powell, Los Angeles, Cal., for defendant Richfield Oil Corporation.

L. A. Gibbons, Douglas C. Gregg and A. Andrew Hauk, Los Angeles, Cal., Brobeck, Phleger & Harrison, Moses Lasky and Richard Haas, San Francisco, Cal., for defendant Union Oil Company of California.

Edmund D. Buckley, Overton, Lyman & Prince and Wayne H. Knight, Los Angeles, Cal., for defendant Tidewater Oil Company.

MATHES, District Judge.

Plaintiffs brought this action for treble damages under § 4 of the Clayton Act [15 U.S.C.A. § 15], alleging injury to their business proximately resulting from a combination or conspiracy among defendants to exclude and prevent plaintiffs from engaging in the wholesale distribution of gasoline in Southern California, in violation of §§ 1 and 2 of the Sherman Act [15 U.S.C.A. §§ 1 and 2]. Federal jurisdiction is invoked under 28 U.S.C. § 1337.

In addition to denying plaintiffs' allegations both as to the alleged tortious conduct and the alleged damage, defendants assert by way of affirmative defense that plaintiffs' action is barred by the applicable State statute of limitations [Fed.R.Civ.P. 8(c), 28 U.S.C.], and now move for a summary judgment of dismissal upon the defense of time bar [Fed. R.Civ.P. 56(b)].

Plaintiffs allege that a conspiracy was initiated among defendants in 1948 unlawfully to restrain and monopolize interstate commerce in the distribution and sale of refined gasoline, and that defendants then and thereafter combined to exclude plaintiffs as wholesale distributors of this product, both by controlling sales to plaintiffs and by eliminating plaintiffs' sources of supply. All parties agree that plaintiffs' alleged cause of action accrued in February of 1954, and that the applicable State statute of limitations—unless suspended under § 5 of the Clayton Act [15 U.S.C.A. § 16, as amended, id. § 16(b) (1955)] by some similar proceeding "instituted by the United States"— commenced to run at that time [cf.: Steiner v. 20th Century-Fox Film Corp., 232 F.2d 190, 194 (9th Cir. 1956); Suckow Borax Mines Consol. v. Borax Consolidated, 185 F.2d 196, 207–208 (9th Cir. 1950), cert. denied, 340 U.S. 943, 71 S.Ct. 506, 95 L.Ed. 680 (1951)].

It was not until January 7, 1956, that the four-year Federal limitations period with respect to private causes arising under the antitrust laws became effective. [69 Stat. 283 (1955), 15 U.S.C.A. § 15b.] Four years was chosen for the Federal statute, since that period appeared to be "the average limitation for all the 48 States * * *." [See S.Rep. No. 619, 2 U.S.Code Cong. & Adm. News, 84th Cong., 1st Sess., pp. 2331–2332 (1955).]

The Act providing this new Federal statute of limitations declares that: "No cause of action barred under existing law on the effective date of this section and sections 15a and 16 of this title shall be revived by said sections." [15 U.S.C.A. § 15b.]

█ Inasmuch as the cause at bar admittedly accrued in 1954, resort must be had to the applicable State statute of limitations in order to determine whether plaintiffs' action is "barred under existing law". [See: 28 U.S.C. § 725, as amended, id. § 1652 (1948); Chattanooga Foundry & Pipe Works v. Atlanta, 203 U.S. 390, 397, 27 S.Ct. 65, 51 L.Ed. 241 (1906); Campbell v. City of Haverhill, 155 U.S. 610, 618, 15 S.Ct. 217, 39 L.Ed. 280 (1895); Burnham Chemical Co. v. Borax Consolidated, 170 F.2d 569, 576 (9th Cir. 1948), cert. denied, 336 U. S. 924, 69 S.Ct. 655, 93 L.Ed. 1086 (1949).]

Specifically, the problem is to determine which of two California statutes applies: one providing a three-year period to govern actions to recover upon a statutory liability "other than a penalty or forfeiture" [Cal.C.C.P. § 338(1)], and the other providing a one-year period to govern actions to recover "upon a statute for a penalty or forfeiture, when the action is given to an individual, or to an individual and the State * * *." [Cal. C.C.P. § 340(1)].

This action was commenced in September of 1956—more than two and one-half years after the date of accrual of plaintiffs' alleged cause—and so would be barred if deemed a statutory "penalty or forfeiture" within the meaning of the one-year limitation provisions of Cal. C.C.P. § 340(1). On the other hand, if the three-year period of Cal.C.C.P. § 338 (1) is properly applicable, then the action was not "barred under existing law" as of the effective date of the 1955 Federal statute, and so defendants' plea of time bar would fall. [See 15 U.S.C.A. § 15b.]

The correct method whereby to determine which State statute of limitations is properly applicable to a cause arising under the antitrust laws prior to the Federal limitations statute has been the subject of some judicial disagreement. One view is that, inasmuch as the private antitrust action involves a Federal cause of action, whatever State limitations period is to be applied turns upon the Federal court's view as to the nature of the Federal action, as being either "remedial" or "penal". [Cf.: Fulton v. Loew's Inc., 114 F.Supp. 676, 682 (D.Kan.1953); Christensen v. Paramount Pictures, 95 F. Supp. 446, 449 (D.Utah 1950); see also Momand v. Universal Film Exchange, 43 F.Supp. 996, 1008–1009 (D.Mass.1942).] And since the Court concluded in the Chattanooga Foundry case, supra, 203 U. S. 390, 27 S.Ct. 65, 51 L.Ed. 241, that actions for treble damages under the Federal antitrust laws are not subject to the general Federal statute of limitations governing actions to recover a "penalty" under the laws of the United States [28 U.S.C. § 791, as amended, id. § 2462 (1948)], it has been reasoned that a State limitations statute dealing with recovery of "penalties" in the State courts cannot in any event be applied to treble-damage claims grounded upon Federal antitrust violations. [See: Greene v. Lam Amusement Co., 145 F.Supp. 346, 348 (N.D.Ga.1956); Wolf Sales Co. v. Rudolph Wurlitzer Co., 105 F.Supp. 506, 509 (D.Colo.1952).]

The majority view, however, as formulated in recent years, holds that the question of limitations applicable to private antitrust actions was, as Mr. Justice Holmes put it, "left to the local law by the silence of the Statutes of the United States". [Chattanooga Foundry & Pipe Works v. Atlanta, supra, 203 U.S. at 397, 27 S.Ct. 65.] Moreover, the word "penalty", as applied in a Federal statute such as 28 U.S.C. § 2462, obviously may have "a different meaning than the same word in the * * * [State] statute". [Bertha Building Corp. v. National Theatres Corp., 269 F.2d 785, 788 (2d Cir. 1959), cert. denied, 361 U.S. 960, 80 S. Ct. 585, 4 L.Ed.2d 542 (1960).] Accordingly, in keeping with the principle that statutory construction by a State's highest court is deemed an integral part of the text of the State's statute of limitations, it has been declared that Federal courts "must accept the statutes as construed and interpreted by the * * * [State] courts. It is for them to determine what is meant by the word 'penalty' in the * * * [State] statute". [Bertha Building Corp. v. National Theatres Corp., supra, 269 F.2d 785, 788 (2d Cir. 1959), cert. denied, 361 U.S. 960, 80 S.Ct. 585, 4 L.Ed.2d 542 (1960); cf.: Moore v. Illinois Central R. Co., 312 U.S. 630, 634, 61 S.Ct. 754, 85 L.Ed. 1089 (1941); Costello v. Bank of America, 246 F.2d 807, 812 (9th Cir. 1957).]

Adherence to the rationale just stated has required the Federal courts to compare the nature of the Federal treble-damage antitrust action with that of analogous State causes, as construed by the courts of the particular State involved, and from such a comparison to de-

cide which local statute of limitations the courts of the State would deem applicable to actions embracing Federal treble-damage antitrust claims. [See: North Carolina Theatres, Inc. v. Thompson, 277 F.2d 673 (4th Cir. 1960); Powell v. St. Louis Dairy Co., 276 F.2d 464 (8th Cir. 1960); Bertha Building Corp. v. National Theatres Corp., supra, 269 F.2d 785; Gordon v. Loew's Inc., 247 F.2d 451 (3rd Cir. 1957); Green v. Wilkinson, 234 F.2d 120 (5th Cir. 1956); Hoskins Coal & Dock Corp. v. Truax Traer Coal Co., 191 F.2d 912 (7th Cir. 1951), cert. denied, 342 U.S. 947, 72 S. Ct. 555, 96 L.Ed. 704 (1952); Leonia Amusement Corp. v. Loew's Inc., 117 F. Supp. 747 (S.D.N.Y.1953); and see: Cope v. Anderson, 331 U.S. 461, 67 S.Ct. 1340, 91 L.Ed. 1602 (1947); Englander Motors, Inc. v. Ford Motor Co., 293 F. 2d 802, 806 (6th Cir. 1961); Nomand v. Universal Film Exchanges, 172 F.2d 37, 47 (1st Cir. 1948), cert. denied, 336 U.S. 967, 69 S.Ct. 939, 93 L.Ed. 1118 (1949); United Banana Co. v. United Fruit Co., 172 F.Supp. 580, 585 (D. Conn. 1959); compare: Brady v. Daly, 175 U.S. 148, 20 S.Ct. 62, 44 L.Ed. 109 (1899); Huntington v. Attrill, 146 U.S. 657, 13 S.Ct. 224, 36 L.Ed. 1123 (1892).]

█ A study of the decisions convinces me that the precedent of seeking guidance from the construction given a particular limitations statute by State courts is a sound one to follow in the case at bar, notwithstanding the inherent difficulty of diverse judicial interpretations in the various States as to the essential nature of private multiple-damage actions. [See: North Carolina Theatres, Inc. v. Thompson, supra, 277 F.2d 673; Bertha Building Corp. v. National Theatres Corp., supra, 269 F.2d 785; Englander Motors, Inc. v. Ford Motor Co., 186 F.Supp. 82, 90 (N.D.Ohio 1960), modified on other grounds, 293 F.2d 802 (6th Cir. 1961).]

Turning, then, to the scope of the three-year [Cal C.C.P. § 338(1)] and the one-year [Cal.C.C.P. § 340(1)] statutes in question here, as construed by the State courts, it is noted that although the California courts have not as yet interpreted for limitations purposes a similar private-action provision under the State's antitrust law [see Cal.Bus. & Prof. C. § 16750, as amended, Id. § 16750(a), (1959)], they have considered the applicability of both § 338(1) and § 340(1) on several occasions in cases involving circumstances closely analogous to those presented at bar. For example, a statutory provision for recovery of twice the amount paid to a decedent in excess of legally-incurred payments under the State Old Age Security Law has been characterized as "penal", and hence the one-year period of limitation specified in § 340(1) was held applicable. [Department of Social Welfare v. Stauffer, 56 Cal.App.2d 699, 133 P.2d 692 (1943).]

The same result was reached where "liquidated damages" were imposed by statute for failure of gas and electric companies to supply requisite power [Hansen v. Vallejo Electric Light & Power Co., 182 Cal. 492, 188 P. 999 (1920); compare Los Angeles County v. Ballerino, 99 Cal. 593, 32 P. 581, 34 P. 329 (1893)]; where court reporter fees were reduced for failure to comply with court rules [County of San Diego v. Milotz, 46 Cal.2d 761, 300 P.2d 1 (1956)]; and where a buyer sued for return of the amount paid under a conditional sale contract upon the seller's interference with payment of the balance of the debt prior to maturity [Stone v. James, 142 Cal.App.2d 738, 299 P.2d 305 (1956)].

The California courts have also characterized as "penal" a statutory provision for double damages in trespass actions involving timber [Helm v. Bollman, 176 Cal.App.2d 838, 1 Cal.Rptr. 723 (1959); cf. Swall v. Anderson, 60 Cal. App.2d 825, 141 P.2d 912 (1943)]; likewise a statutory provision for treble damages in actions for unlawful detainer [see: Hoban v. Ryan, 130 Cal. 96, 62 P. 296 (1900); Gwinn v. Goldman, 57 Cal. App.2d 393, 134 P.2d 915 (1943)], as well as for damages to adjacent property caused by fire [Clark v. San Francisco & S. J. Val. Ry. Co., 142 Cal. 614, 76 P.

507 (1904); see also Esposti v. Rivers Bros., 207 Cal. 570, 279 P. 423 (1929)].

While there has been no such concurrence of views as to the proper characterization of Federal treble-damage antitrust actions [see: Schiffman Bros. v. Texas Co., 196 F.2d 695, 697 (7th Cir. 1952); Leonia Amusement Corp. v. Loew's Inc., supra, 117 F.Supp. at 756; and see Loevinger, Private Action—The Strongest Pillar of Antitrust, 3 Antitrust Bull. 167 (1958)], it is reasonable to characterize such actions as compensatory in part, and as exemplary or penal with respect to the trebling of damages to business or property resulting from antitrust violations [see Lyons v. Westinghouse Electric Corp., 222 F.2d 184, 189 (2nd Cir.), cert. denied, 350 U.S. 825, 76 S.Ct. 52, 100 L.Ed. 737 (1955); cf. Karseal Corp. v. Richfield Oil Corp., 221 F.2d 358, 365 (9th Cir. 1955)].

Moreover, the California Supreme Court has characterized as a penalty "any law compelling a defendant to pay a plaintiff other than what is necessary to compensate him for a legal damage done him by the former". [Miller v. Municipal Court, 22 Cal.2d 818, 837, 142 P.2d 297, 308 (1943); see also Grossblatt v. Wright, 108 Cal.App.2d 475, 239 P.2d 19 (1951).]

The conclusion is thus impelled that § 340(1) of the California Code of Civil Procedure, as construed by the California courts, is applicable to treble-damage causes under the Federal antitrust laws which accrued prior to the effective date of the four-year Federal limitations period. [15 U.S.C.A. § 15b.] Inasmuch as plaintiffs' cause of action admittedly accrued in February of 1954, and this action was not commenced until September of 1956, application of the one-year period specified in § 340(1) would clearly raise the time bar upon which defendants rely for summary judgment of dismissal.

Before this conclusion can be embraced, however, consideration must be given to the fact that our Court of Appeals for the Ninth Circuit has indicated on occasion that the proper California statute of limitations to be applied in Federal treble-damage antitrust actions is the three-year period provided in Cal. C.C.P. § 338(1) [see Burnham Chemical Co. v. Borax Consolidated, supra, 170 F. 2d at 578; compare Culver v. Bell & Loffland, 146 F.2d 29 (9th Cir. 1944)]; and has at other times adopted the mutual view of the parties to the particular action that § 338(1) governed. [Steiner v. 20th Century-Fox Film Corp., supra, 232 F.2d at 194; Suckow Borax Mines Consol. v. Borax Consolidated, supra, 185 F.2d at 207.] It is at once apparent that these cases antedate enunciation of the present majority view that State statutes of limitations should be applied as construed by the courts of the particular State. And analysis reveals that in none of these Ninth Circuit cases was the Court of Appeals required to choose between Cal.C.C.P. § 338(1) and § 340(1), since in each case the action was barred under both statutes by the lapse of more than three years. [See also Foster & Kleiser Co. v. Special Site Sign Co., 85 F.2d 742 (9th Cir. 1936), cert. denied, 299 U.S. 613, 57 S.Ct. 315, 81 L.Ed. 452 (1937).]

Nor was it necessary for the District Courts in Manny v. Warner Bros. Pictures, 116 F.Supp. 807 (S.D.Cal.1953), and in Levy v. Paramount Pictures, 104 F.Supp. 787 (N.D.Cal.1952), to choose between § 338(1) and § 340(1), for in each instance the action was "barred by both sections". [Manny v. Warner Bros. Pictures, supra, 116 F.Supp. at 809; compare Aero Sales Co. v. Columbia Steel Co., 119 F.Supp. 693 (N.D.Cal.1954).]

In United West Coast Theatres Corp. v. South Side Theatres, 86 F.Supp. 109 (S.D.Cal.1949), it was assumed by both Court and counsel that the Federal treble-damage antitrust counterclaim was time-barred by either § 338(1) or § 340(1), unless the applicable California statute of limitations was suspended under either the Act of October 10, 1942 [56 Stat. 781; see 86 F.Supp. at 110–111], or § 5 of the Clayton Act [15 U.S. C.A. § 16; see 86 F.Supp. at 113]. It was also assumed, at least by the Court, and erroneously as it now appears, that

the Court of Appeals had been called upon to decide the question, and had held § 338(1) to be the California statute of limitations properly applicable to actions for treble damages arising under the Federal antitrust laws. [See: 86 F. Supp. at 111 and Burnham Chemical Co. v. Borax Consolidated, supra, 170 F.2d at 578.]

■ Worth repeating here is the venerable admonition of Mr. Chief Justice Marshall: "It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision". [Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 399, 5 L. Ed. 257 (1821); cf.: Armour & Co. v. Wantock, 323 U.S. 126, 132–133, 65 S.Ct. 165, 89 L.Ed. 118 (1944); Mutual Benefit Health & Accident Ass'n v. Bowman, 99 F.2d 856, 858 (8th Cir. 1938), cert. denied, 306 U.S. 637, 59 S.Ct. 485, 83 L. Ed. 1038 (1939); Julian Petroleum Corp. v. Courtney Petroleum Co., 22 F.2d 360, 362 (9th Cir. 1927).]

■ In the case at bar, "the very point is presented for decision": whether the three-year period provided in § 338(1), or the one-year period provided in § 340(1), is the California statute of limitations properly applicable to a treble-damage cause of action arising under the Federal antitrust laws and accruing prior to the effective date of the four-year Federal statute of limitations provided in 15 U.S.C.A. § 15b. Treating the question as *res integra*, as I now deem it to be, and having due regard for State-court interpretation of the content of the provisions of both § 338(1) and § 340(1), I must hold that the one-year period specified in Cal.C.C.P. § 340(1) is the California statute of limitations. properly applicable to Federal treble-damage antitrust causes accruing prior to the effective date of the Federal. four-year statute. [15 U.S.C.A. § 15b.]

■ Plaintiffs' action is time-barred, then, unless operation of the statute of limitations was suspended by virtue of § 5 of the Clayton Act. [15 U.S.C.A. § 16.] Plaintiffs contend that, in all events, the statute of limitations was tolled during the pendency of a similar action commenced by the United States in this Court, in May of 1950, against defendant Standard Oil and other companies. [See United States v. Standard Oil Company, et al., Civil No. 11584–C, S.D.Cal.]

At the time the cause of action here asserted by plaintiffs accrued, § 5 of the Clayton Act provided that: "Whenever any suit * * * is instituted by the United States to prevent, restrain, or punish violations of any of the antitrust laws, the running of the statute of limitations in respect of each and every private right of action arising under said laws and based in whole or in part on any matter complained of in said suit * * * shall be suspended during the pendency thereof." [15 U.S.C.A. § 16.]

This provision has been strictly construed so that "in order for the statute of limitations to be tolled for private litigants in antitrust conspiracy actions, the matters complained of in the private proceeding must be the same acts to achieve the same conspiracy complained of in the action brought by the United States. * * * A greater similarity is needed than that the same conspiracies are alleged. The same means must be used to achieve the same objectives of the same conspiracies by the same defendants". [Steiner v. 20th Century-Fox Film Corp., supra, 232 F.2d at 196; cf.: Samuel Goldwyn Productions v. Fox West Coast Theatres Corp., 146 F.Supp. 905 (N.D. Cal.1956); Tague v. Balaban, 146 F. Supp. 356 (N.D.Ill.1956); see also: Philco Corp. v. Radio Corporation of America, 186 F.Supp. 155, 159 (E.D.Pa. 1960); United Banana Co. v. United Fruit Co., supra, 172 F.Supp. at 586.]

Applying these criteria, it is clear from comparison of the two cases that pendency of the Government's action in United States v. Standard Oil Company,

et al., supra, Civil No. 11584–C, did not operate to suspend the statute of limitations in the case at bar. For in No. 11584–C the Government's charges were directed against an alleged agreement and combination among major oil companies intent upon eliminating competition among themselves, *inter alia*, by controlling prices and the production of petroleum products among independent producers and distributors; whereas, plaintiffs' claim at bar rests, not upon an alleged agreement by the defendant companies to control, but upon an alleged combination to exclude plaintiffs from wholesale gasoline distribution in the Southern California area.

Moreover, in No. 11584–C, the Government alleged that the combination to restrain and monopolize trade in crude and refined oil took form in the year 1936 and continued to the date in 1950 when the complaint was filed; while here plaintiffs allege a conspiracy initiated "in or about the year 1948" and extending to the date of commencement of plaintiffs' action in 1956. Furthermore, the defendants in both cases are not the same: Shell Oil Company and the Conservation Committee of California Oil Producers were joined as defendants in No. 11584–C, but not in the action at bar, and Olympic Refining Company was originally joined as a defendant in this case, but not in No. 11584–C. [Cf. Momand v. Universal Film Exchange, supra, 43 F. Supp. at 1011.]

Inasmuch as the one-year limitation period was not suspended by the pendency of the Government's suit in No. 11584–C, it follows that plaintiffs' action is time-barred by the provisions of Cal. C.C.P. § 340(1).

Accordingly, the defendants are "entitled to a judgment as a matter of law" [Fed.R.Civ.P. 56(c)], and the motion for a summary judgment of dismissal will be granted, without costs to any party.

The foregoing shall serve as findings of fact and conclusions of law [Fed.R. Civ.P. 52(a)], and defendants will lodge an appropriate judgment of dismissal with the Clerk, to be settled pursuant to Local Rule 7, within five days. This dismissal shall not constitute an adjudication upon the merits [Fed.R.Civ.P. 41 (b)], and the judgment will so provide.