**BERTHA BUILDING CORPORATION,**
Plaintiff-Appellee,

v.

**NATIONAL THEATRES CORPORA-
TION,** Defendant-Appellant.

No. 288, Docket 25485.

United States Court of Appeals
Second Circuit.

Argued May 12, 1959.

Decided Aug. 24, 1959.

786

Royall, Koegel, Harris & Caskey, New York City, for defendant-appellant. John F. Caskey, Frederick W. R. Pride and Charles F. Young, New York City, of counsel.

Corcoran, Kostelanetz, Gladstone & Lowell, New York City, for plaintiff-appellee. Boris Kostelanetz, New York City, and Nick C. Spanos, Los Angeles, Cal., of counsel.

Before SWAN, HINCKS and MOORE, Circuit Judges.

SWAN, Circuit Judge.

National Theatres Corporation has appealed from an order which denied its motion for summary judgment in this action for treble damages under section 4 of the Clayton Act, 15 U.S.C.A. § 15. The motion was based on the ground that the New York three year statute of limitations, prescribed by § 49, subd. 3 of the Civil Practice Act, barred the action. Without reaching the merits of the motion, Judge Zavatt denied it on the theory that defendant was precluded from relying on the three year statute by the doctrine of "the law of the case." His opinion is reported in 166 F.Supp. 805, 811. Leave to appeal was granted under the Interlocutory Appeals Act, 28 U.S.C.A. § 1292(b).

For an understanding of the matters to be subsequently discussed, it is desirable to give a brief statement of what had occurred in the case prior to the making of defendant's motion for summary judgment.

The complaint was filed in the court below on September 5, 1951. It alleged that plaintiff is a California corporation which owned and operated a theatre in Los Angeles until forced to dispose of it by reason of violations by defendant of the anti-trust laws. Concededly plaintiff's alleged cause of action arose in California and accrued no later than July 4, 1935—more than 16 years before the present action was commenced. Defendant's answer, filed December 26, 1951, pleaded three statutes of limitations: (1) The California three year statute, West's Ann.Code Civ.Proc. § 338, made applicable by New York's "borrowing statute," § 13 of the Civil Practice Act; (2) the New York three year statute, applicable to "An action upon a statute for a penalty or forfeiture where the action is given to the person aggrieved * * *," § 49, subd. 3 of the Civil Practice Act; and (3) the New York six year statute, applicable to "An action to recover upon a liability created by statute, except a penalty or forfeiture," § 48, subd. 2 of the Civil Practice Act.

In December 1955 a separate trial of defendant's limitation defenses in this case and in the companion case of Gumbiner Theatrical Enterprises, Inc. v. Na-

tional Theatres Corporation, D.C., 140 F.Supp. 909, was had before Judge Galston. In a brief submitted to him defendant stated: "If this court finds, as we believe it must, that the substantial and continuous business activities of National in California made it amenable to suit there, the three-year California statute is applicable by virtue of section 13 of the New York Civil Practice Act. Both claims would then be barred by the California statute without consideration of the questions whether the New York statute is six years or three years,[1] or whether the institution of United States v. Paramount [Pictures, D.C., 85 F.Supp. 881], operated to toll the New York statute during some or all of the time it was pending." It was in this setting that there was submitted to and adopted by Judge Galston the following conclusion of law:

> "Plaintiffs and defendant concede for the purposes of these cases, and the court concludes that the Statute of Limitations of New York, where these actions were instituted, is six years. Civil Practice Act of New York, Section 48."

However, his decision was that the California three year statute barred the actions. Accordingly he dismissed the complaints. His opinion is reported in D.C., 140 F.Supp. 909. On appeal this court reversed and remanded in the case of Bertha Building Corporation on the ground that the plaintiff was entitled to a jury trial of the issue raised by defendant's plea of the California statute, namely, whether defendant was suable there. Bertha Building Corp. v. National Theatres Corp., 2 Cir., 248 F.2d 833, 836, 841, certiorari denied 356 U.S. 936, 78 S.Ct. 777, 2 L.Ed.2d 811. On the appeal the defendant did not urge the applicability of the New York three year statute. It was after the remand that defendant moved for summary judgment.

■■ We agree with appellant that the doctrine of "the law of the case"

does not preclude consideration of the merits of the motion. That doctrine was discussed at length in Dictograph Products Company v. Sonotone Corporation, 2 Cir., 230 F.2d 131, and the rigidity of the rule expressed in Commercial Union of America v. Anglo-South American Bank, 2 Cir., 10 F.2d 937 was expressly overruled. As explained in the Dictograph Products Company case, even when an issue has been decided by a district judge, another judge of the same court may nevertheless come to a different conclusion. Since Judge Galston decided that the California statute was a bar, he had no need to consider whether the three year or six year New York statute was applicable in the case of Bertha Building Corporation, and appellant's concession before him that the six year statute applied should not be regarded as conclusive in the motion subsequently brought on before Judge Zavatt. However, the doctrine of the law of the case, in the sense discussed in the Dictograph Products Company opinion, does not really fit these circumstances. The question is not one of overruling an earlier decision by another judge of the same court.

■ The question presented is really whether defendant is precluded by waiver and estoppel from contending that the action is barred by the three year New York statute of limitations. This question involves the public policy against piecemeal litigation and the timeliness of the motion. The problem is sometimes described as governed by "the law of the case." It was so described in Sorensen v. Pyrate Corporation, 9 Cir., 65 F.2d 982, 984–985. Judge Zavatt cited that case in support of his conclusion that "The defendant should not now be permitted to ground a motion for summary judgment upon a contention which might have been presented, and which is contrary to its concession upon the trial and the appeal." The Sorensen case is distinguishable. There, after trial on

[1]. "We concede that the cases seem to hold that the New York statute is six years * * *."

the merits and an appeal, in which the judgment was reversed and the cause remanded for determination of the plaintiff's damages, the defendant tried to plead that the contract was void because of the plaintiff's fraud—a defense which might have been raised when the case was tried on the merits. The court held that the law of the case precluded the tardy presentation of such factual defense. Here, defendant's motion raises a question of law only which, if sustained, would prevent the necessity of a jury trial on the suability of defendant in California as well as any litigation on the merits of plaintiff's cause. Under the particular circumstances of this case, we do not think that the defendant should be estopped. Cf. Emich Motors Corp. v. General Motors Corp., 7 Cir., 229 F.2d 714, 718. Plaintiff has cited no authority for estopping a party from raising a question of law under such circumstances.

▇▇▇ We now pass to a consideration of the merits of the motion. The present federal statute of limitations, 15 U.S.C.A. § 15(b), is not applicable because it was enacted several years after the present action was brought. In the absence of an applicable federal statute of limitations, federal courts look to the statute of the forum.[2] Hence we must ascertain whether, if it shall be found that the three year California statute has been tolled,[3] the six year or three year New York statute applies to plaintiff's federally created cause of action. The

choice of the appropriate New York statute turns on an interplay of federal and state law. Whether the three year or six year statute is to be applied by the federal court, the latter must accept the statutes as construed and interpreted by the New York courts. It is for them to determine what is meant by the word "penalty" in the three year statute. But the purposes attributable to the federal anti-trust laws must be governed by federal law. Accordingly, to determine whether a suit for treble damages under section 4 of the Clayton Act has the characteristics of actions encompassed by the three year New York statute federal decisions must be examined. The problem was well stated by Judge Ryan in Leonia Amusement Corp. v. Loew's Inc., D.C.S.D.N.Y., 117 F.Supp. 747, at page 752.[4] See also Rawlings v. Ray, 312 U.S. 96, 98, 61 S.Ct. 473, 85 L.Ed. 605.

▇▇ Considered in the light of these principles, the Supreme Court's decision in Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 27 S.Ct. 65, 66, 51 L.Ed 241, is not decisive of this case. There the Supreme Court held that an action for treble damages under the anti-trust laws was not an action for a penalty within the meaning of the federal statute of limitations for penal suits.[5] But the word "penalty" in a federal statute has a different meaning than the same word in the New York statute. The federal statute of limitations for penal actions applies only to actions on behalf of the United States and *qui tam*

2. Chattanooga Foundry & Pipe Works v. City of Atlanta, 203 U.S. 390, 397, 27 S.Ct. 65, 51 L.Ed. 241; Cope v. Anderson, 331 U.S. 461, 463, 67 S.Ct. 1340, 91 L.Ed. 1602.

3. Unless it shall be found that the California statute has been tolled, it will be applicable under the New York borrowing statute and whether the three year or six year New York statute would otherwise be applicable will become moot for purposes of this case.

4. "The problem, therefore, is two-fold: (a) what in federal law is the essential nature of a claim arising under Section

4 of the Clayton Act as amended [15 U.S.C.A. § 15]; and (b) what New York statute of limitations would the New York courts hold applicable to this type or class of claim."

5. *At the time of the Chattanooga decision section 1047 of the Rev.Stat. provided a five year limitation on any "suit for a penalty * * * or forfeiture * * * accruing under the laws of the United States." That limitation is now embodied in 28 U.S.C.A. § 2462 which applies to "an action * * * for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise."*

actions. Huntington v. Attrill, 146 U.S. 657, 668, 673, 13 S.Ct. 224, 36 L.Ed. 1123. The New York three year statute by its express terms applies to actions "by the person aggrieved" and thus, unlike the federal statute, applies to private actions. Huntington v. Attrill, supra, 146 U.S. 677–678, 13 S.Ct. 231.

■ After an extensive review of New York decisions, Judge Ryan concluded that the New York three year statute did not apply to private suits for damages which are exemplary in part but not wholly unrelated to actual loss. Accordingly, he held on the basis of appropriate federal decisions, that the six year New York statute and not its three year statute was applicable to an action for treble damages under the anti-trust laws. Four years later in Banana Distributors, Inc. v. United Fruit Company, D.C.S.D. N.Y., 158 F.Supp. 160, after a thorough review of authorities, Judge Levet concluded that the three year statute should be applied.[6]

Both this appeal and the appeal in Banana Distributors, Inc. have been ably argued with extensive citation of authorities. We have examined these cases but do not find it necessary here to discuss them. Whatever doubt might have been entertained prior to the Court of Appeals decision in Sicolo v. Prudential Savings Bank of Brooklyn, 5 N.Y.2d 254, 184 N.Y.S.2d 100, 157 N.E.2d 284, decided subsequent to Judge Levet's decision, that decision makes it plain that Leonia Amusement Corp. correctly anticipated the trend of New York law. Sicolo, a member of the New York City Fire Department, was injured on December 23, 1951 while helping to put out a fire in a building owned by the Prudential Savings Bank of Brooklyn. More than four years after the accident he filed an amended complaint based on § 205–a of the General Municipal Law. That statute provides in substance that the injured fireman was entitled to recover his actual damages, but in no event less than $1,000, regardless of actual loss.[7] The defendant moved to dismiss the action because it was not begun within three years from the accrual of the action. The Court of Appeals said that the question for decision was whether the three year limitation of § 49, subd. 3 of the Civil Practice Act or the six year limitation of § 48, subd. 2 was applicable. After reviewing numerous authorities, both state and federal, it held that the action was not one for a "penalty or forfeiture" and that the six year statute applied. The views expressed therein and the treatment of the cases cited make it plain that the New York Court of Appeals does not regard actions for civil damages which are made exemplary in part only, as falling within § 49, subd. 3. A suit for treble damages under the anti-trust laws is plainly of this character.

Accordingly, the six year and not the three year New York statute is applicable to anti-trust actions brought in a federal court sitting in New York, at least unless under New York's "borrowing statute" a shorter period of limitations is applicable under the law of the State where the cause of action arose. The denial of the motion for summary judgment was correct and the order is affirmed on this ground.

6. This case is pending on appeal and the decision therein will be handed down herewith. 269 F.2d 790.

7. So far as material this section provided: " * * * in the event any accident, causing injury * * *, occurs directly or indirectly as a result of any neglect, omission, wilful or culpable negligence of any person or persons in failing to comply with the requirements of any of the statutes, ordinances, rules, orders and requirements of the federal, state, county, village, town or city governments * *, the person or persons guilty of said neglect * * * shall be liable to pay any officer, member, agent or employee of any fire department injured * * * while in the discharge or performance of any duty imposed by the * * * superior officer of the fire department * * not less than one thousand dollars * * such liability to be determined and such sums recovered in an action * * * by any person injured * * * as aforesaid."