**William J. RILEY, Plaintiff,**

v.

**MEBA PENSION TRUST, Defendant.**

**No. 76 Civ. 4085 (LFM).**

United States District Court,
S. D. New York.

June 9, 1978.

Sheehan & Courtney, New York City, for plaintiff by Arthur B. Sheehan, New York City.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for defendant by Bettina B. Plevan, New York City.

## OPINION

MacMAHON, District Judge.

The parties cross-move for summary judgment. Rule 56, Fed.R.Civ.P.

On May 1, 1975, plaintiff William J. Riley retired from employment as a port engineer for United States Lines, Inc. Had he not obtained other employment, he would have been eligible for pension benefits from defendant MEBA Pension Trust. Riley, however obtained a civil service position in the United States Department of Commerce, Maritime Administration, Office of Ship Reconstruction, as an assistant construction representative. Defendant then refused to pay benefits to Riley so long as he was employed in the government position, relying on Article IIA, Section 13 of its Regulations, which provides:

"When an Employee qualifies for and receives a pension based in part on credits derived from employment as a Port Engineer . . . retirement shall preclude any future service thereafter in the American Flag or Foreign Flag Maritime Industry."

It was the view of the administrators of defendant's plan that plaintiff's employment in the government position constituted employment in the "Maritime Industry" within the meaning of defendant's Regulations.

Riley then brought this action for a declaratory judgment that he was entitled to receive his pension benefits. Federal jurisdiction was based upon § 502(f) of the Employee Retirement Income Security Act of 1974 ("ERISA" or the "Act"), 29 U.S.C. § 1132(f). On June 16, 1977, we granted defendant's motion for summary judgment and denied plaintiff's motion, holding, *inter alia*, that defendant's refusal to pay benefits was a mere suspension of benefits, and not a "forfeit[ure]" outlawed by § 203(a) of ERISA, 29 U.S.C. § 1053(a).

The Court of Appeals reversed, holding, *inter alia*, that defendant's refusal to pay benefits was indeed a "forfeit[ure]" within the meaning of § 203(a). *Riley v. MEBA Pension Trust*, 570 F.2d 406 (2d Cir. 1977). The case was remanded to determine the date on which the vesting provisions of ERISA, § 203(a), became applicable to plaintiff. 570 F.2d at 410–13.

 The uncontested affidavits submitted on remand demonstrate that defendant's "plan year" is the calendar year, and that defendant's administrators made no election to accelerate the applicability of ERISA. See § 211(d), 29 U.S.C. § 1061(d). Thus, vesting provisions of the Act became applicable to plaintiff on January 1, 1976. See § 211(b)(2), 29 U.S.C. § 1061(b)(2).

Defendant, however, levels a further argument never before presented to us or to the Court of Appeals. Defendant contends that § 203(a), even though it is applicable to plaintiff, is not violated by defendant's refusal to pay benefits, since plaintiff has not yet reached his "normal retirement age" of sixty-five. Defendant contends that § 203(a) requires only that a pension plan provide that benefits be "nonforfeitable *upon the attainment of normal retirement age.*" Under § 3(24) of the Act, 29 U.S.C. § 1002(24), and under defendant's plan, plaintiff's "normal retirement age" is sixty-five, an age plaintiff will not reach until June 16, 1984. Accordingly, defendant concludes, § 203(a) does not bar defendant's refusal to pay benefits before plaintiff reaches age sixty-five,* even though such a refusal would constitute a forfeiture of ben-

---

* Under § 206(a), 29 U.S.C. § 1056(a), the payment of benefits would not be mandated until the sixtieth day after the close of the year in which plaintiff reached age sixty-five, unless the pensioner elects otherwise. For purposes of simplicity, however, we shall use plaintiff's sixty-fifth birthdate as a point of reference in this opinion, mindful that ERISA would impose no duty to pay benefits until March 1, 1985.

efits under § 203(a) if plaintiff were sixty-five years of age.

■ Before turning to the merits of this argument, we must determine whether it is cognizable after remand. Certainly, our consideration of this new argument is not foreclosed by the doctrine of "law of the case." That doctrine forecloses reconsideration of issues previously decided. It does not preclude consideration of issues which might have been, but were not, actually raised in prior proceedings. See, e. g., *Lehrman v. Gulf Oil Corp.*, 500 F.2d 659, 665 (5th Cir. 1974), citing 1B J. Moore, Federal Practice para. 0.404[10] at 573 (2d ed. 1974). Since the argument now before us was not advanced on the original motion or in the Court of Appeals, the law of the case does not bar its consideration.

■ Plaintiff suggests, however, that defendant has waived and is now estopped from raising the argument by failing to raise it in its original motion or on appeal. See *Bertha Building Corp. v. National Theatres Corp.*, 269 F.2d 785, 788–89 (2d Cir. 1959), *cert. denied*, 361 U.S. 960, 80 S.Ct. 585, 4 L.Ed.2d 542 (1960). The district court, however, in its discretion, may permit a party to raise an issue on remand which could have been, but was not, raised in earlier proceedings. *Emich Motors Corp. v. General Motors Corp.*, 15 F.R.D. 354, 356 (N.D.Ill.1953), *aff'd*, 229 F.2d 714, 716–19 (7th Cir. 1956). In exercising our discretion, we must weigh the "public policy against piecemeal litigation," *Bertha Building Corp. v. National Theatres Corp., supra*, 269 F.2d at 787, against the "interest in deciding cases on the merits." *United States v. Cirami*, 563 F.2d 26, 33 (2d Cir. 1977).

■ In the instant case, there is no dispute that plaintiff has not attained the "normal retirement age" specified in ERISA and the MEBA plan. Thus, defendant's motion on the theory now raised presents a mere question of law. Defendant's failure to raise the question earlier, however regrettable, did not prejudice plaintiff, since the legal question can be argued now as readily as a year ago. Where there is no prejudice resulting from delay, and where, as here, there is no evidence that defendant acted in bad faith in failing to raise the new argument earlier, our discretion should be exercised in favor of reaching the merits of defendant's contention. See *Bertha Building Corp. v. National Theatres Corp., supra*, 269 F.2d at 789; *Emich Motors Corp. v. General Motors Corp., supra*, 229 F.2d at 718–19.

■ Turning to the merits, we agree with the reading of § 203(a) now urged by defendant. The Act, on its face, requires only that pension benefits be nonforfeitable upon attainment of normal retirement age, in this case, age sixty-five. The Act, therefore, gives plaintiff no vested right to receive benefits until he reaches that age.

There is nothing in the legislative history which casts doubt upon such a reading of § 203(a). Indeed, other provisions of ERISA recognize that Congress never intended to impose upon a plan a requirement that any benefits be payable before age sixty-five. See § 206(a), 29 U.S.C. § 1056(a); Conference Report No. 93–1280, 93d Cong., 2d Sess., reprinted in 3 [1974] U.S.Code Cong. & Admin.News at pp. 5038, 5062. Thus, it does no violence to the scheme of the Act to permit defendant to withhold benefits from plaintiff until plaintiff reaches age sixty-five.

■■ We, therefore, hold that § 203(a) imposes upon defendant no obligation to pay benefits before plaintiff reaches "normal retirement age" on June 16, 1984. Thus, § 203(a) is no bar to defendant's current refusal to pay such benefits. Nor is the common law a bar to such refusal. We have already concluded that defendant's actions in this case do not violate the pre-ERISA common law of pensions, see *Riley v. MEBA Pension Trust*, 76 Civ. 4085, memorandum at 5–12 (S.D.N.Y. June 16, 1977), and this portion of our holding was approved by the Court of Appeals. See 570 F.2d at 412–13. Thus, we have no occasion to review defendant's responsibilities outside ERISA. Since neither ERISA, § 203(a), nor the common law imposes a

duty upon defendant to pay benefits to plaintiff until plaintiff reaches age sixty-five, or until plaintiff terminates his employment in the "Maritime Industry," defendant must prevail here.

Accordingly, plaintiff's motion for summary judgment is denied, and defendant's motion for summary judgment is granted.

So ordered.