William J. RILEY, Plaintiff-Appellant,

v.

MEBA PENSION TRUST,
Defendant-Appellee.

No. 174, Docket 78–7298.

United States Court of Appeals,
Second Circuit.

Argued Oct. 16, 1978.
Decided Nov. 13, 1978.

Arthur B. Sheehan, Sheehan & Courtney, New York City, for plaintiff-appellant.

Bettina B. Plevan, New York City (Proskauer, Rose, Goetz & Mendelsohn, Jeffrey D. Fields, New York City, of counsel), for defendant-appellee.

Before FRIENDLY, TIMBERS and VAN GRAAFEILAND, Circuit Judges.

FRIENDLY, Circuit Judge:

This case, which we decided only a year ago, 570 F.2d 406 (1977), returns to us after an unanticipated development in the district court.

In our previous opinion (Riley I), familiarity with which is assumed, we held that Riley was entitled to the entry of a declaration that MEBA Pension Trust (MEBA) owed him monthly pension benefits from the date when the vesting provisions of the Employee Retirement Income Security Act of 1974 (ERISA) became effective with respect to MEBA's pension plan, "unless regulations hereafter issued by the Secretary of Labor under § 203(a)(3)(B)(ii) should afford a basis for a contrary decision,"[1] 570 F.2d at 410–11. We thought it highly likely that this effective date would be January 1, 1976, eight months after Riley's retirement, but recognized that his entitlement would begin later than January 1, 1976 if MEBA's plan year was not the calendar year and would begin earlier if the plan's administrator had made the election specified in § 211(d). We reversed the judgment which the district court had entered in favor of the defendant but, since the record did not permit determination of these two facts, instead of directing entry of judgment in favor of Riley with respect to pension instalments beginning January 1, 1976, as we would have done but for the two contingencies just mentioned, we remanded to the district court "for further proceedings consistent with this opinion." 570 F.2d at 413.

Plaintiff thereupon moved "for summary judgment upon the completion of further proceedings in accordance with the opinion"

of this court. Defendant countered with a cross-motion for summary judgment. The administrator of the plan conceded that the two factual assumptions tentatively made by us, namely, that MEBA's plan year was the calendar year and that the administrator of the MEBA plan had not made an election under § 211(d), were correct, but stated:

> As shown in the accompanying affidavit of Bettina B. Plevan, the Department of Labor has recently advised that it is the Department's position that the forfeiture provisions of Section 203 are not applicable to retired employees who have not reached normal retirement age.

He also stated that Article I, § 12 of the MEBA Pension Trust Regulations defined normal retirement age to be "the age of 65 or the 10th anniversary of the time an employee commenced participation in the Plan, whichever is later," and that Riley would not attain age 65 until June 16, 1984. The affidavit of Ms. Plevan averred that "we have been advised by Ian Lanoff, Administrator of Pension and Welfare Benefit Programs, U.S. Department of Labor, that the Department of Labor has determined that Section 203 does not impose any restriction on the suspension of pension benefits otherwise payable to persons who have not attained 'normal retirement age'", which, under § 3(24) of ERISA means the earlier of a) normal retirement age under the plan or b) the later of age 65 or the tenth anniversary of the employee's participation in the plan. Ms. Plevan's affidavit further stated that the Department of Labor had been requested to confirm this oral advice. In a later affidavit she submitted a copy of a letter from the Acting Chief of the Division of Interpretations and Opinions stating that no regulations under § 203(a)(3) of ERISA had been issued, see fn. 1 *supra*, and that the Department of Labor did not "respond substantively to questions relating to the provisions of ERISA until regulations interpreting the application of such provisions have been issued."

---

1. The reference was to regulations interpreting the exemption from non-forfeitability rules for multi-employer plans. As appears below, no such regulations have been issued.

Judge MacMahon granted defendant's motion for summary judgment. The bulk of his opinion was devoted to the question, discussed below, whether the new defense presented by MEBA could properly be considered by him. After answering this in the affirmative, he upheld defendant's contention on the merits, pointing also to § 206(a) and the Conference Report thereon, Conf.Rep. No. 93–1280, 93d Cong., 2d Sess., 3 U.S.Code Cong. & Admin.News 4639, 5038, 5062 (1974).[2] Riley has not challenged the district court's conclusion that since he has not yet attained "normal retirement age" under ERISA, its provision as to non-forfeitability has not become applicable to him. Consequently we shall assume this to be correct and shall address ourselves to the question whether the district court could properly consider the belatedly tendered defense.

We disagree with Riley's contention that the district court violated the doctrine of the "law of the case." We did not *decide* on the first appeal that a member of a pension plan who had taken early retirement was entitled to the protection of § 203 of ERISA with respect to forfeitability; we simply *assumed* this since no one had argued otherwise. The doctrine of "law of the case" relates to "the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messenger v. Anderson*, 225 U.S. 436, 444, 32 S.Ct. 739, 56 L.Ed. 1152 (1912). To be sure, we have said that the law of the case "when used to express the duty of a lower court to follow what has been decided by a higher court at an earlier stage of the case, applies to everything decided, either expressly or by necessary implication," *Munro v. Post*, 102 F.2d 686, 688 (2 Cir. 1939), and a syllogistic expression of our earlier decision would have had to include the proposition

that Riley's rights had become non-forfeitable under ERISA.[3] Such a proposition, however, reflected the then agreement of the parties and was not a determination of law by the court.

This, however, is not the end of the matter. Riley also contends that by considering the new defense raised by MEBA the district court acted in violation of our mandate. Relying particularly on the statement in 570 F.2d at 410–11 referred to in the second paragraph of this opinion, he contends with force that our remand was limited to the two points which the record in the first appeal did not enable us to determine and was not broad enough to include a wholly different defense, dispositive of his § 203 claim, which MEBA could and should have raised during the first round of trial and appeal. While MEBA answers with a broadside of arguments, its most relevant response consists of citation to this court's decisions in *Bertha Building Corp. v. National Theatres Corp.*, 269 F.2d 785 (2 Cir. 1959), cert. denied, 361 U.S. 960, 80 S.Ct. 585, 4 L.Ed.2d 542 (1960), and *Jhirad v. Ferrandina*, 536 F.2d 478 (2 Cir.), cert. denied, 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98 (1976).

Although on a superficial reading *Bertha Building* might seem to be of considerable assistance to MEBA, in fact it is not. There the defendant in a private antitrust suit had pleaded the California three-year statute of limitations (made applicable by New York's borrowing statute), the New York three-year statute, and the New York six-year statute. Although plaintiff had demanded trial by a jury, the district judge conducted a bench trial on the limitations defense and dismissed the complaint on the basis of the California statute, 140 F.Supp.

**2.** A view similar to Judge MacMahon's had been taken in *Capocci v. General Motors Corp.*, 444 F.Supp. 1306 (D.Hawaii, 1978), where the court said, *id.* at 1307–08, "Congress did not intend for early retirement supplements to be unforfeitable," citing the Conference Report, 3 U.S.Code Cong. & Admin.News, at 5055 (1974).

**3.** Indeed we said expressly that "the employee's rights must be non-forfeitable if he has met certain requirements relating to age and years of service which Riley concededly has done," 570 F.2d at 409, although this language was in the portion of the opinion rejecting the district court's conclusion that a suspension of benefits was not a forfeiture under ERISA.

909 (E.D.N.Y.1956).[4] On appeal this court reversed, 248 F.2d 833, *cert. denied*, 356 U.S. 936, 78 S.Ct. 777–778, 2 L.Ed.2d 811 (1957), on the ground that there was an issue of fact triable to a jury whether defendant had been amenable to service in California and "[r]eversed and remanded for a jury trial of the issue raised by the defendant's plea." 248 F.2d at 836. Defendant then moved for summary judgment on the basis of New York's three-year statute. A different district judge denied this on the ground that reliance on the three-year New York statute was precluded by the doctrine of the law of the case, 166 F.Supp. 805, 811 (E.D.N.Y.1958). After noting that the problem was one not of the law of the case but rather of waiver and estoppel, we held it was error for the district court to have refused to consider the three-year New York statute, although we ultimately ruled that it did not apply.

*Bertha Building* does not authorize what was done here. Entertaining the defense of the three-year New York statute of limitations was in no way inconsistent with this court's direction that the California three-year statute could not be held to be a bar without a jury trial on defendant's amenability to process there; indeed a review of the briefs shows that the parties in Bertha Buildings Corporation did not even argue that entertaining the defense of the three-year New York statute would have violated this court's mandate. The question was rather the effect of the defendant's concession on the first round in the district court, see note 4, and its consequent failure to seek to support the first judgment on appeal, as it might have done under the rule of *Langnes v. Green*, 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520 (1931), see 9 Moore, Federal Practice ¶ 204.11[3] (1975), on the basis that, whatever the case with respect to the need for jury trial on the application of the three-year California statute, the three-year New York statute would have required dismissal in any event. Although the opinion is not so clear as it might have been, the court evidently thought that defendant should not be held to its concession and that failure to advance an additional argument for supporting the judgment of dismissal on appeal should not preclude such an assertion on remand.[5] Our case is much closer to *Sorensen v. Pyrate Corporation*, 65 F.2d 982, 984–85 (9 Cir.), *cert. denied*, 290 U.S. 689, 54 S.Ct. 124, 78 L.Ed. 593 (1933), cited in *Bertha Building, supra*, 269 F.2d at 787–88, where after the court of appeals had held a contract to be valid and subsisting and remanded for determination of damages, defendant was not allowed to raise a defense of fraud. Here the claim urged after remand was not, as in *Bertha Building*, one of several affirmative defenses that had been properly pleaded but were not before the appellate court at all. It was a new defense going to the essential issue whether Riley had any § 203(a) claim *at all* on which we had passed on the first appeal.

We see even less support for appellee in our decision in *Jhirad v. Ferrandina, supra*, 536 F.2d 478. There the remand on the first appeal, 486 F.2d 442, 445 (1973), was for "findings on the issue of [Jhirad's] intent" in absenting himself from India so as to enable us to determine whether the period for India's seeking extradition had been tolled. That was precisely what was done, although the magistrate developed some views concerning intent which this court had not had in mind.[6]

---

4. The following conclusion of law had been submitted to and adopted by the district court, see 269 F.2d at 787:

    Plaintiffs and defendant concede for the purposes of these cases, and the court concludes that the Statute of Limitations of New York, where these actions were instituted, is six years. Civil Practice Act of New York, Section 48.

5. Neither of the leading treatises on federal procedure discusses this problem.

6. *Doran v. Petroleum Management Corp.*, 576 F.2d 91 (5th Cir. 1978), relied upon by appellee, is also not on point. In an action for violations of the securities laws, defendant, in addition to disputing the merits, pleaded the private offering exemption and the one-year statute of limitations of the 1933 Act, 15 U.S.C. § 77m. The district court sustained the private offering defense and did not reach the limitations issue. *The Court of Appeals reversed*, believing that further findings were necessary on the private

■ The proper course for MEBA to have followed when counsel discovered she had overlooked a provision in ERISA that would provide a complete defense to so much of Riley's case as rested on that statute would have been to apply to this court for a modification of the mandate to allow the district court to consider that defense. Compare *Alaska Juneau Gold Mining Co. v. Robertson*, 331 U.S. 793, 67 S.Ct. 1728, 91 L.Ed. 1821 (1947); *149 Madison Ave. Corp. v. Asselta*, 331 U.S. 795, 67 S.Ct. 1726, 91 L.Ed. 1822 (1947) [both modifying judgment so as to include a remand to enable the district court to consider a change in the applicable law]. It was for this court, not the district court, to weigh the undesirability of permitting Riley to collect a pension by virtue of an interpretation of § 203 of ERISA which, for a reason never adverted to and presumably unnoticed by counsel, turns out to have been wrong, as against the policy of finality and the waste of the time not only of the district court but of this court in having been obliged to consider and decide difficult questions when counsel experienced in the ways of ERISA should have known this to be unnecessary. However, if we would have granted such an application, it would be overly technical to reverse and direct entry of a judgment which the parties agree would be wrong in law simply because the proper procedural route was not pursued. Cf. *Luminous Unit Co. v. Freeman-Sweet Co.*, 3 F.2d 577 (7 Cir. 1924). There was some, although not much, excuse for counsel's failure to raise the point which now seems decisive with respect to § 203 of ERISA. Cf. *Emich Motors Corp. v. General Motors Corp.*, 229 F.2d 714 (7 Cir. 1956). Riley raised his claim under § 203 not in a pleading or motion but only in a memorandum supporting a summary

judgment motion which had relied on other grounds, 570 F.2d at 408, and the district court decided in defendant's favor on the basis of a construction of the word "forfeitable" which we held to be erroneous. The arguments both in the district court and here revolved around that question and the issue of whether Riley's government employment as an Assistant Construction Representative was "in the same industry" and "in the same trade or craft" as his previous employment by United States Lines, Inc., ERISA, § 203(a)(3)(B)(ii). Neither party paid much attention to technical provisions of the new statute, notably those as to the effective date, see 570 F.2d at 410–13. All things considered, we believe that if counsel for MEBA had moved for modification of the mandate to allow the district court to consider the claim that § 203(a) does not protect Riley against forfeiture until he reaches normal retirement age, we should and would have granted it.

We therefore affirm the judgment of the district court, although cautioning that this is an unusual case and that we do not view with favor the practice here followed by defendant's counsel. MEBA shall pay the costs of both appeals.

---

offering issue, 545 F.2d 893 (5 Cir. 1977). In a petition for rehearing defendant raised the limitations defense, upon which the trial court had never passed. The petition was denied. On remand the district court permitted defendant to raise the statute of limitations defense, which it sustained. The Court of Appeals affirmed, finding there was no violation of its mandate. As in *Bertha Building*, which the case strongly resembles, the court had not attempted anything like a final disposition in the first appeal. Here we ruled that Riley was entitled to his pension from January 1, 1976, except as the two points remanded for determination might dictate a somewhat earlier or later date. Our decision left no doubt that we thought Riley was entitled to restoration of his pension not later than some date in 1976, and the only task of the district court was to determine exactly when.