### In re LAKE MINNEWASKA MOUNTAIN HOUSES, INC., Debtor.

#### Bankruptcy No. 76 B 1468.

United States District Court, S.D. New York.

June 11, 1985.

\*   \*   \*   \*   \*   \*

McCabe & Mack, Poughkeepsie, N.Y.; for Alfred B. Smiley et al.; David L. Posner and Richard A. Mitchell, Poughkeepsie, N.Y., of counsel.

Jules Teitelbaum, P.C., New York City, for debtor; Wanda Borges Kiratzopoulos and Jeffrey Kurtzman, New York City, of counsel.

Whitman & Ransom, New York City, for Marriott Corp.; Jeffrey A. Oppenheim, New York City, of counsel.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

Alfred B. Smiley and sixteen other members of the Smiley family (the "Smileys") who were named as defendants in an adversary proceeding for a permanent injunction pending before this court, seek to recover costs and attorneys' fees pursuant to 28 U.S.C. § 1927 from the law firms of Jules Teitelbaum, P.C. and Whitman & Ransom for bringing a purportedly frivolous action in bad faith. The Smileys, who successfully opposed a show cause order issued within the context of the adversary proceeding, contend that these law firms should be held personally liable for fees and costs incurred in defending the application. At the conclusion of the hearing on the merits, this court dismissed the application and stated that it would entertain a motion under 28 U.S.C. § 1927 to determine the assessability of costs and attorneys' fees.

## FINDINGS OF FACT

1. Lake Minnewaska Mountain Houses, Inc., a debtor-in-possession under Chapter XI of the former Bankruptcy Act of 1898, is the owner of a tract of 10,000 acres of land in New York State. Marriott Corporation ("Marriott") entered into a contract with the debtor for the sale of part of this land in 1980. It appears that Marriott intended to develop a hotel and residential community in this area and was interested in testing the availability of water for the purposes of its project.

2. As part of its study of the water supply, Marriott undertook a drilling program which resulted in the creation of three wells approximately 400 feet deep. In one phase of the program, Marriott engaged in the proving of production wells to meet the water requirements of the proposed hotel and surrounding community. The requirements were established by a decision of the Department of Environmental Conservation which conducted hearings regarding the Marriott development. Marriott drilled the proving wells at a great expense because the data to be obtained from the studies were critical to the continuation of Marriott's project and the consummation of the debtor's land sale. Substantial opposition to the project was expressed by community members at these hearings, including Alfred B. Smiley, who spoke out against Marriott's plans.

3. Alfred B. Smiley has asserted that as a member of the Smiley family, he has the right to enter the debtor's premises and have full access to the land, lakes, roads, paths and buildings by virtue of certain written agreements between the debtor and the Smileys granting these privileges.

4. Operations at the well site commenced in 1980 or 1981 and, following the initial drilling, the wells were covered until June 10, 1982, when work resumed. On June 10th, Kenneth B. Phillips, Jr., vice-president of the debtor, was contacted by engineers from the drilling site who informed him that pieces of steel had been deposited into one of the wells and that workers were unable to drill through the steel. Drilling operations at the wells thereupon ceased.

5. A park ranger and security guard for the debtor, Arnold Jacobson, saw Alfred B. Smiley at the drilling site at approximately 4:50 p.m. on June 10, 1982. Neither Jacobson nor any other witness for the debtor testified as to seeing Smiley place anything into the damaged well.

6. The information with respect to Smiley's presence at the drilling site was conveyed to the debtor's vice-president, Mr. Phillips, who passed along the account of these events to a Marriott official and to Jules Teitelbaum, Esq., the attorney for the debtor. Mr. Teitelbaum and Richard Tilton, Esq. of the law firm of Whitman & Ransom, counsel to Marriott, conferred regarding the incident at the Lake Minnewaska site. These attorneys determined that the proper course of action to pursue was to seek an order of the bankruptcy court permanently enjoining Alfred B. Smiley and the other members of the Smiley family who were named as defendants in the adversary proceeding pending before the

court from interfering with construction activity on the debtor's property.

7. This application to the court was made by order to show cause dated June 11, 1982, one day after the incident occurred. A hearing was held on June 16th, which was concluded after several hours. The debtor and Marriott presented three witnesses who testified as to Smiley's presence at the drilling site and the discovery of steel pieces in the well. At the conclusion of the applicants' case, Smiley moved to dismiss the application. After hearing oral argument from all parties, the motion to dismiss was granted. The court found that "[a]ll that was shown is that [Smiley] appeared at the drilling site, looked at it, didn't touch, didn't talk to anyone, and then left. Based upon that, I find that an application to enjoin him from harming the debtor is totally without merit and frivolous." Thereafter, the court suggested that Smiley might consider applying for costs under 28 U.S.C. § 1927.

8. An order dismissing the application was entered on June 30, 1982, and the debtor and Marriott filed a timely appeal. This appeal was dismissed by the district court on October 28, 1983 for lack of prosecution.

9. By motion dated November 8, 1984, Smiley moved this court for an order against Whitman & Ransom and Jules Teitelbaum, P.C. awarding costs and attorneys' fees pursuant to 28 U.S.C. § 1927.

## DISCUSSION

■ Carved out of the general American rule which denies the recovery of attorneys' fees and expenses to a successful litigant, *see Roadway Express, Inc. v. Piper*, 447 U.S. 752, 759, 100 S.Ct. 2455, 2460, 65 L.Ed.2d 488 (1980); *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975), Congress has provided that costs, expenses and attorneys' fees may be assessed personally against an attorney for engaging in frivolous litigation. Section 1927 of title 28 of the United States Code provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.

This section does not distinguish between winners and losers or plaintiffs and defendants, but is designed simply to limit the abuse of court processes. *Roadway Express, Inc. v. Piper*, 447 U.S. at 762, 100 S.Ct. at 2462.

Smiley contends that the injunction application brought on by Order to Show Cause by Marriott and the debtor constituted an abuse of court process within the purview of 28 U.S.C. § 1927. Substantial reliance is placed on the court's characterization of the proceeding as "without merit and frivolous" upon dismissing it from the bench. In effect, Smiley is attempting to bind the court to this statement as if it were the "law of the case." Indeed, counsel for Smiley argues that in light of the statement that the application was frivolous, there is no need to examine the issue of bad faith or any other indicia which govern the award of attorneys' fees and costs.

■ The doctrine of law of the case applies, not to any statement made by a court on the record, but only to final judgments or orders issued by a court. *E.g., United States v. United States Smelting, Refining & Mining Co.*, 339 U.S. 186, 199, 70 S.Ct. 537, 544, 94 L.Ed. 750 (1950); *In re Johns-Manville Corp.*, 40 B.R. 219, 228 (S.D.N.Y.1984) ("a court with continuing jurisdiction over a case is not prevented by the law of the case from reconsidering, at an appropriate moment, its earlier decision"). The doctrine of law of the case "cannot prohibit a judge from reforming his own opinion before it is final." *Farmers and Merchants Bank & Trust v. Trail West, Inc.*, 28 B.R. 389, 393 (D.S.D.1983).

■ The instant case does not even require the reformation of an earlier opinion

of the court. This court's prior statement from the bench that the application for a permanent injunction lacked merit cannot be construed as predetermining Smiley's entitlement to fees and costs. Clearly, no application for such relief had been made nor had the court raised the issue on its own motion. Counsel for Smiley was simply reminded of his right to apply for reimbursement pursuant to section 1927 of title 28. This issue, neither having been raised nor resolved in the prior proceeding, is not foreclosed from consideration by the law of the case doctrine. *Hidrocarburos y Derivados, C.A. v. Lemos,* 453 F.Supp. 160, 167 (S.D.N.Y.1977); *Riley v. MEBA Pension Trust,* 452 F.Supp. 117, 120 (S.D.N.Y.1978) (law of the case doctrine "does not preclude consideration of issues which might have been, but were not, actually raised in prior proceedings"), *aff'd,* 586 F.2d 968 (2d Cir. 1978).

■ The conduct of the joint applicants who previously sought to enjoin Smiley must be reviewed upon the entire record of these proceedings according to the standards established under 28 U.S.C. § 1927. The sanctions imposed by this statute are intended to discourage dilatory litigation practices and advocacy simply designed to burden an opponent, *see Piljan v. Michigan Department of Social Services,* 585 F.Supp. 1579, 1583 (E.D.Mich.1984), without chilling aggressive litigation and good faith assertions of colorable claims. *See Lipsig v. National Student Marketing Corp.,* 663 F.2d 178, 180–81 (D.C.Cir.1980); *Colucci v. New York Times Company,* 533 F.Supp. 1011, 1014 (S.D.N.Y.1982).

■ As is true with the courts' general equitable powers to assess attorneys' fees where a frivolous claim is raised, a fee award under 28 U.S.C. § 1927 will be granted where a claim has been brought in bad faith. *Gianna Enterprises v. Miss World (Jersey) Ltd.,* 551 F.Supp. 1348, 1359 (S.D.N.Y.1982); *see also Shimman v. International Union of Operating Engineers,* 744 F.2d 1226, 1230 (6th Cir.1984)

(bad faith in bringing an action or in causing an action to be brought is one of three categories of exceptions to American rule barring recovery of attorneys' fees). A party seeking an award under section 1927 must therefore demonstrate with "clear evidence" that the claim defended against is "entirely without color *and* made for reasons of harassment or delay or for other improper purposes." *Nemeroff v. Abelson,* 620 F.2d 339, 348 (2d Cir.1980) (quoting *Browning Debenture Holders Committee v. DASA Corp.,* 560 F.2d 1078, 1088 (2d Cir.1977)). As stated in *Nemeroff:*

A claim is colorable, for the purpose of the bad faith exception, when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim. The question is whether a reasonable attorney could have concluded that facts supporting the claim *might be established,* not whether such facts actually *had been established*

620 F.2d at 348 (footnote omitted). The Second Circuit Court of Appeals has recently explained that the "reasonable belief" standard does not require a showing of subjective bad faith, but only that a competent attorney could not have formed "a reasonable belief that the pleading is well grounded in fact." *Eastway Construction Corp. v. City of New York,* 762 F.2d 243, 254 (2d Cir.1985).

■ Turning to the facts of this case, Smiley's entitlement to costs and attorneys' fees under 28 U.S.C. § 1927 hinges on whether counsel for Marriott and the debtor could have formed a reasonable belief that their application for a permanent injunction was well grounded in fact. Prior to presenting their Order to Show Cause, counsel for the applicants were informed that Alfred B. Smiley, a notorious opponent of the Marriott project, had been seen at the drilling site at approximately the same time that the damage to the well apparently occurred. It was not unreasonable to contemplate that Smiley's opposition to

Marriott's project had become more than vocal. Marriott's concern over the protection of the proving wells was based on its monetary investment at the drilling site as well as its desire to complete promptly the water testing which was necessary to satisfy environmental requirements before the project could proceed. The debtor was also interested in the safekeeping of the wells because the sooner that Marriott obtained clearance from the Department of Environmental Conservation, the earlier its contract to sell the land could be consummated. The totality of these facts does not amount to clear evidence of an intent to harass as is required for the award of costs and attorneys' fees. The record in this case reflects that Marriott and the debtor reacted immediately to what they perceived as a physical threat to the progress of the hotel and residential development in which they both had substantial economic interests. The application to enjoin an opponent to the project, Alfred B. Smiley, and others aligned with him from entering upon the premises was not unreasonable or vexatious within the meaning of 28 U.S.C. § 1927. Smiley's application for costs and attorneys' fees is accordingly denied.

## CONCLUSIONS OF LAW

1. This court's prior description of the application for a permanent injunction as "without merit and frivolous" is not the law of the case and does not preclude further inquiry into the conduct of counsel to Marriott and the debtor.

2. Counsel for Marriott and the debtor could have formed a reasonable belief that their injunction application was factually supported and that it would be successful.

3. Smiley has failed to present clear evidence that the injunction application was brought to harass, or that it was unreasonable or vexatious within the meaning of 28 U.S.C. § 1927. The application for costs and attorneys' fees is therefore denied.

SUBMIT ORDER on notice.